[Civ. No. 9139.   Fourth Dist., Div. One.   May 17, 1968.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent; RICHARD M. COPELAND, JR., et al., Real Parties in Interest.

James Don Keller, District Attorney, and Richard H. Bein, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Heesh, Hegner & Philbin and Michael S. Hegner for Real Parties in Interest.

BROWN (Gerald), P. J.—The People petition for a writ of mandate or prohibition under Penal Code, section 1538.5, subdivision (o), to contest a superior court decision (1) concluding an arrest warrant was invalid, and (2) suppressing evidence because of the warrant's invalidity.

About midnight, June 28, 1967, Sheriff Deputies Wigginton and Olmstead, while patrolling a high intensity narcotics area near Palm City, a few miles north of the border with Mexico,

saw a 1950 Oldsmobile with its interior lights on, parked by a reservoir. Two people were moving around outside the vehicle, but were inside it by the time the deputies reached the vehicle to investigate. Male driver Copeland and female passenger Peterson (Real Parties in Interest) identified themselves.

Copeland said Tom Harris owned the car, but the registration slip identified the owner as Victor Earl Harris. Suspecting the car might be stolen, Olmstead placed a radio check on the car and its occupants. The return, about five minutes later, indicated the car was not stolen, but there might be a warrant outstanding for Copeland's arrest. Awaiting more radio information on the warrant, the deputies asked for Copeland's permission to search the car. According to Copeland: "I told the officer that the car had been—did belong to somebody that had been in trouble before for narcotics, yes, and, therefore, I did not want to be searched."

He also exclaimed "Either arrest me or let me go."

Thirty to forty minutes after learning of the possible warrant, the deputies learned there was an outstanding misdemeanor arrest warrant good for night time service on Copeland. The misdemeanor warrant for Copeland's arrest resulted from his failure to appear for a traffic violation (Veh. Code, § 40508, subd. (a)). Wigginton opened the car door, arrested Copeland and, as Copeland got out of the car, saw a marijuana cigarette in plain view on the front seat. The deputies then searched the car and found the marijuana evidence the superior court later suppressed.

Within 20 days after a traffic violator fails to appear, after promising to appear, a warrant issues under Vehicle Code, section 40515. A computer generates the warrant. No magistrate ever sees it. A court clerk affixes a magistrate's signature facsimile stamp and attaches an IBM bail card. The clerk sends the warrant to the serving marshal.

The superior court determined:

1) The deputies reasonably stopped and questioned defendants; asked for identification; made a radio check to see if the car was stolen, and incidentally asked for a check on defendants; detained defendants while awaiting word after learning of a possible warrant (not knowing if misdemeanor or felony).

2) A court clerk affixed the docket entry in Copeland's traffic case reading: "Deft. not appearing, 40508 VC complaint & warrant ordered; bail"; affixed the judge's signa-

ture facsimile stamp, without the judge ever seeing the warrant.

3) Copeland's arrest warrant is invalid because it fails to satisfy Penal Code, sections 813 and 815 requiring a magistrate to issue and sign an arrest warrant after satisfied by a complaint the offense has been committed and there is reasonable ground to believe defendant committed it.

4) The evidence seized after unlawful arrest must be suppressed.

The determinative statutes in this matter are Vehicle Code, section 40515, and Penal Code, section 853.8. Vehicle Code, section 40515, declares in part: ''When a person signs a written promise to appear at the time and place specified in the written promise to appear and has not posted bail, the magistrate shall issue and have delivered for execution a warrant for his arrest within 20 days after his failure to appear before the magistrate. . . .'' Penal Code, section 853.8, involving citations for misdemeanors recites: ''When a person signs a written promise to appear at the time and place specified in the written promise to appear and has not posted bail as provided in Section 853.6, the magistrate shall issue and have delivered for execution a warrant for his arrest within twenty (20) days after his failure to appear as promised.'' These sections by their language do not require a magistrate to determine from a complaint if an offense occurred and if reasonable grounds implicate defendant, as generally required by Penal Code, section 813. ▆ The offense, failure to appear, occurs in front of the magistrate, satisfying in every case the requirements of Penal Code, section 813, and *People* v. *Sesslin,* 68 Cal.2d 418 [67 Cal.Rptr. 409, 439 P.2d 321]. The clerk's docket entry indicates at the time of non-appearance before the magistrate, the magistrate ordered a warrant issued. Neither Vehicle Code, section 40515, nor Penal Code, section 853.8 requires the magistrate to sign the arrest warrant issued, as generally required by Penal Code, section 815. These sections, we believe, exempt Vehicle Code, section 40515, and Penal Code, section 853.8, failure to appear arrest warrants from the signature requirement of Penal Code, section 815. The arrest warrant, arrest, and any search or seizure here, therefore, were valid.

Let a writ of prohibition issue prohibiting the superior court from suppressing the seized marijuana evidence. This court's April 3, 1968 restraining order is vacated.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied June 14, 1968, and the petition of the real parties in interest for a hearing by the Supreme Court was denied July 10, 1968.

The United States Supreme Court denied a writ of certiorari on November 25, 1968.