[No. S030415. Oct. 13, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM ERNST, Defendant and Appellant.

In re WILLIAM ERNST on Habeas Corpus.

443

**COUNSEL**

Michael B. McPartland, under appointment by the Court of Appeal, and George C. Boisseau for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama and Ronald A. Bass, Assistant Attorneys General, Thomas A. Brady, Stan M. Helfman, Sharon G. Birenbaum and Michael E. Banister, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GEORGE, J.**—In *People* v. *Howard* (1992) 1 Cal.4th 1132 [5 Cal.Rptr. 268, 824 P.2d 1315] (*Howard*), we held that the defendant validly admitted having served an alleged prior prison term, despite the trial court's failure to advise him expressly of the privilege against self-incrimination, because, "considering the totality of the relevant circumstances, . . . defendant's admission of the prior conviction was voluntary and intelligent . . . ." (*Id.* at p. 1180.) In the present case, the People contend that the totality-of-the-circumstances test applied in *Howard* also should apply when a court trial is conducted in a criminal prosecution without an express waiver by the defendant of the right to a jury trial, and that the Court of Appeal in the present case erred in reversing defendant's conviction based upon the absence of such an express waiver. For the reasons that follow, we hold that our decision in *Howard* did not alter the long-established rule that, by virtue of the explicit language of the California Constitution, a judgment in a criminal case resulting from a court trial must be reversed if the defendant did not expressly waive the right to a trial by jury.

FACTUAL AND PROCEDURAL HISTORY

By information filed on December 21, 1989, defendant was charged with two counts of murder (Pen. Code, § 187, subd. (a)), two counts of driving

under the influence of alcohol, causing injury (Veh. Code, § 23152, subd. (a)), and related offenses arising from a traffic collision in which two persons were killed when their vehicle was struck by defendant's vehicle. Defendant pleaded not guilty and not guilty by reason of insanity.

Subsequently, the case was set for a pretrial hearing on October 5, 1990, and for trial on October 15, 1990. At the pretrial hearing, defense counsel, in the presence of defendant, announced that they "would confirm the matter for trial" and added, "we're prepared to waive a jury as to both phases of the trial at this time, and my client is prepared to go on the record to that effect." The People, however, responded that they were not "prepared to waive jury at this time." The superior court declined to accept defendant's waiver and confirmed that the case would proceed to trial.

On October 15, 1990, defendant and his attorney appeared in the master calendar court. The People informed the court that both sides were ready for trial and added: "There is a waiver." Defense counsel confirmed: "We are prepared to waive jury as to both issues." No such waiver was entered, however, and the case was assigned to a trial court. The court docket for that date contains the erroneous notation: "Jury waived by both sides." On October 17, 1990, defendant and his attorney appeared in the trial court. The People, represented by a prosecutor who had not been present during earlier proceedings, indicated there would be a jury waiver, but defense counsel questioned whether it was necessary to obtain one, mistakenly representing that such a waiver had been taken in the master calendar court. Defense counsel remarked: "We're prepared to reiterate," but the trial court stated: "Jury waived by both sides. It's been done. [¶] Is this going as a nonjury case?" Both sides responded affirmatively.

Following a court trial, defendant was convicted of two counts of second degree murder and of related offenses. A separate sanity phase of the trial was held, at which the court found that defendant was sane at the time of the crimes. Defendant was sentenced to a term of 15 years to life in prison. Defendant appealed, asserting, among other contentions, that the judgment should be reversed because he had not expressly waived his right to a trial by jury. Defendant also filed a petition for writ of habeas corpus raising an unrelated issue. The Court of Appeal, having consolidated the habeas corpus petition and the appeal, reversed the judgment on appeal, because defendant had not expressly waived his right to a trial by jury. We granted the People's petition for review.

## DISCUSSION

■ A defendant in a criminal prosecution has a right to a trial by jury under both the federal Constitution (*Duncan* v. *Louisiana* (1968) 391 U.S.

145 [20 L.Ed.2d 491, 88 S.Ct. 1444]) and our state Constitution (Cal. Const., art. I, § 16). (See also Pen. Code, §§ 689, 1042.) The California Constitution permits the defendant and the prosecution to waive their right to a jury and elect a court trial, but specifies the following manner for doing so: "A jury may be waived in a criminal cause by the consent of both parties *expressed in open court by the defendant and the defendant's counsel.*" (Cal. Const., art. I, § 16, italics added.)

In *People* v. *Holmes* (1960) 54 Cal.2d 442 [5 Cal.Rptr. 871, 353 P.2d 583], this court reversed the judgment entered in a criminal case following a court trial, because, although the defendant was advised expressly of his right to a trial by jury, he "did not express in words a waiver" of that right. (*Id.* at p. 443.) This court held that such a waiver "must be so expressed and will not be implied from a defendant's conduct." (*Id.* at p. 444.)

In the present case, the People concede that defendant did not expressly waive his right to a trial by jury but argue, in reliance upon our decision in *Howard, supra,* 1 Cal.4th 1132, that this error does not require reversal of the judgment. We disagree.

*Howard* did not address whether denial of the right to a jury trial constitutes reversible error. Instead, *Howard* considered the validity of a defendant's admission of an allegation that he had served a prior prison term, and held that the requirement under federal law set forth in *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]—that the record of the taking of a plea of guilty affirmatively establish that the plea was intelligent and voluntary—may be satisfied despite the trial court's failure to elicit from the defendant explicit waivers of the defendant's rights to confrontation and trial by jury, and of the privilege against self-incrimination. Although such waivers are required under state law, a plea of guilty (or an admission of an alleged prior conviction) is valid, even in the absence of such waivers, if the record of the plea "affirmatively demonstrate[s] that the plea was voluntary and intelligent under the totality of the circumstances." (*Howard, supra,* 1 Cal.4th 1132, 1178.)

This distinction between the requirement that a waiver of the right to a jury trial be express and the requirement that a plea of guilty be knowing and intelligent was recognized by this court in *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]: "California law has long required that waiver of a jury trial be express. [Citation.] However, prior to *Boykin* v. *Alabama,* discussed *infra,* it was not necessary that acceptance of a guilty plea be preceded by a specific waiver of the right to a jury trial, or any other right (except the right to counsel, where none was present). Therefore, although

the present record would be insufficient now to constitute a valid waiver of a jury trial, this does not necessarily preclude holding the plea of guilty to be acceptable under then existing California law." (*In re Tahl, supra,* 1 Cal.3d 122, 129, fn. 4.)

We held in *Tahl* that the absence of an express waiver of the right to a jury trial (or of one of the other enumerated rights) would not necessarily invalidate a plea of guilty under California law, but that the absence of such an express waiver would invalidate the plea under federal law. As noted above, we reconsidered that ruling in *Howard* and held that under federal law, as well as under California law, the absence of express waivers of the rights to confrontation and trial by jury, and of the privilege against self-incrimination, does not automatically invalidate a plea of guilty.

The dispositive issue in the present case is different from that in *Howard.* The question before us does not involve the validity of a plea of guilty, but instead whether a judgment in a criminal case must be reversed because a court trial was conducted without the defendant expressly having waived his or her right to a trial by jury as required by article I, section 16, of the California Constitution (article I, section 16). For the reasons that follow, we conclude that the procedures that led to defendant's case being tried to the court, rather than to a jury, violated his right to trial by jury and thus require reversal of the resulting judgment.

In considering this issue, we are mindful of the People's contention that requiring reversal of the judgment in the present case would create "an anomaly in the law," because "an omission of an express waiver of a jury trial by a defendant who pleads guilty or admits a prior conviction would be reviewed under the federal totality of the circumstances test, while a similar omission involving a defendant who gives up *only* his right to a jury, and proceeds to a court trial with all other rights intact, would be reversible per se." (Italics in original.) As explained below, whether or not such a result is anomalous, reversal of a conviction resulting from a court trial not preceded by an express waiver of the right to jury trial is required by the terms of our state Constitution. Further, our holding does not create a new rule, but is consistent with settled law holding that the requirement of an express waiver of the right to a jury applies when a defendant elects a court trial, but not when a defendant pleads guilty.

■ Article I, section 16, by its terms, does not apply when a defendant waives the right to a trial by pleading guilty; it applies only when a defendant exercises the right to a trial but waives the right to a jury. Article I, section 16, provides: "A *jury* may be waived in a criminal cause . . . ."

(italics added), and goes on to state that such a jury waiver must be "by the consent of both parties . . . ." Article I, section 16, thus addresses when a "jury" may be waived—not when a "trial" may be waived—and provides that a defendant who exercises his or her right to a trial may waive the right to a jury and have a court trial only if the People consent. (*People* v. *Terry* (1970) 2 Cal.3d 362, 377 [85 Cal.Rptr. 409, 466 P.2d 961]; *People* v. *Washington* (1969) 71 Cal.2d 1061, 1086-1087 [80 Cal.Rptr. 567, 458 P.2d 479].) This requirement that the prosecution consent to a defendant's waiver of the right to a jury clearly was not intended to apply when a defendant waives the right to a trial by pleading guilty. It could not seriously be argued that the People, by declining to waive their right under article I, section 16, to a jury, could prevent a defendant from entering a plea of guilty.

A review of the history of article I, section 16, supports our conclusion that the requirement of an express waiver of the right to a jury does not apply when a defendant pleads guilty. Article I, section 16, derives from former article I, section 3, of the California Constitution of 1849, which provided: "The right of trial by jury shall be secured to all, and remain inviolate forever; but a jury trial may be waived by the parties *in all civil cases*, in the manner to be prescribed by law." (Italics added.) The right to a trial by jury, therefore, could be waived in civil cases only. This provision was superseded by article I, section 7, of the California Constitution of 1879, which, as follows, permitted jury waivers in some criminal cases, but not in felony prosecutions, and required that such waivers be express: "A trial by jury may be waived *in all criminal cases not amounting to felony*, by the consent of both parties, expressed in open court and in civil actions by the consent of the parties, signified in such manner as may be prescribed by law." (Italics added.) This provision was amended on November 6, 1928, to its present form, allowing jury waivers in felony prosecutions as well: "A trial by jury may be waived *in all criminal cases*, by the consent of both parties, expressed in open court by the defendant and his counsel . . . ." (Italics added.)

From 1849 to 1928, therefore, a defendant charged with a felony could not waive the right to a jury and elect a court trial, even with the consent of the prosecution. (*People* v. *Terry, supra,* 2 Cal.3d 362, 377.) It does not follow, however, that during this period a defendant charged with a felony could not waive the right to a trial and plead guilty to the charges. To the contrary, this court stated the obvious when it held in 1862: "There is no provision of the Constitution or of any statute which prevents a defendant from pleading guilty instead of having a trial by jury." (*People* v. *Noll* (1862) 20 Cal. 164, 165.) The predecessors to article I, section 16, like the current version of that provision, did not apply when a defendant entered a plea of guilty to the charges.

Judicial authority also is in accord with our conclusion that the requirement in article I, section 16, of an express waiver applies only when the defendant exercises his or her right to a trial. (See *People* v. *Sovereign* (1993) 27 Cal.App.4th 317, 322-325 [20 Cal.Rptr.2d 413], and cases cited therein; review granted Sept. 16, 1993 (S033934) and opn. ordered published by Supreme Court pending review Oct. 13, 1994.) In *In re Jingles* (1946) 27 Cal.2d 496 [165 P.2d 12], this court rejected an argument that a plea of guilty by an unrepresented defendant was invalid because, under the predecessor of article I, section 16, a trial by jury could be waived only by "defendant and his counsel." (Former Cal. Const. of 1879, art. I, § 7, as amended Nov. 6, 1928.) The court in *Jingles* observed: "[A]fter petitioner entered a valid plea of guilty, no question of the right to trial by jury or of the manner of waiving such right remained. [Citation.]" (*In re Jingles, supra,* 27 Cal.2d 496, 499.)

In *Dale* v. *City Court of Merced* (1951) 105 Cal.App.2d 602, 607 [234 P.2d 110], in rejecting an argument that the entry of a plea of guilty constitutes a waiver of the right to a trial by jury within the meaning of the predecessor to article I, section 16, the Court of Appeal stated: "The constitutional guarantee has to do with the trial of issues that are made by the pleadings and if the pleadings are such that no issue is to be tried, as in the case of a plea of guilty, then the guarantee has no application, for there are no issues and there can be no trial. . . . In a certain sense, of course, a defendant who pleads guilty in a criminal case waives trial by jury in that he waives all trial and makes no issue. But the Constitution does not speak of such a waiver. On the contrary, it speaks of the trial of issues made by the pleadings, and assumes there are such. [Citation.]"

We hold, therefore, that the precise terms of the California Constitution refute the People's suggestion that this court should apply a totality-of-the-circumstances test in the present case and find, under that test, that defendant validly waived his right to a jury trial despite his failure to do so expressly. As noted above, article I, section 16, specifically provides that, in a criminal case, a waiver of the right to a jury trial must be "expressed in open court by the defendant and the defendant's counsel." In the present case, defendant did not expressly waive his right to a trial by jury. Because trial of the charges to the court, without an express waiver by defendant of his right to have the case tried to a jury, denied defendant his right to a jury trial, reversal of the resulting judgment is required.

Article VI, section 13, of the California Constitution provides: "No judgment shall be set aside . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the

court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." It long has been established that the denial of the right to a jury trial constitutes a " 'structural defect[]' in the judicial proceedings" that, by its nature, results in such a "miscarriage of justice." (*People* v. *Cahill* (1993) 5 Cal.4th 478, 493, 501 [20 Cal.Rptr.2d 582, 583 P.2d 1037]; see *People* v. *Holmes, supra,* 54 Cal.2d 442, 444.) As we recently observed: " '[I]f a court should undertake to deny to a defendant charged with a felony the right of trial by jury, and after a hearing of the evidence render a judgment of conviction, it cannot be doubted that such judgment should be set aside even though there had been the clearest proof of guilt.' " (*People* v. *Cahill, supra,* 5 Cal.4th 478, 490, quoting *People* v. *O'Bryan* (1913) 165 Cal. 55, 65-66 [130 P.2d 1042].)

Accordingly, we hold that article I, section 16, of the California Constitution requires that the judgment be reversed because defendant's guilt was determined by a court trial without there having been an express waiver by defendant of his right to a jury trial.[1]

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Mosk, J., Kennard, J., Arabian, J., Baxter, J., and Sills, J.,* concurred.

---

[1]The holding to the contrary in *People* v. *Guzman* (1993) 14 Cal.App.4th 1420, 1422 [18 Cal.Rptr.2d 380], is disapproved.

*Presiding Justice, Court of Appeal, Fourth Appellate District, Division Three, assigned by the Chairperson of the Judicial Council.