[No. H018056. Sixth Dist. Mar. 26, 1999.*]

THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO RODRIGUEZ, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

*Review granted June 30, 1999. Review was dismissed on August 16, 1999, and the opinion was directed to be partially published.

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts A.2, B and C.

**COUNSEL**

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Violet M. Lee and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELIA, J.**—Antonio Rodriguez appeals from a judgment of conviction of violating Penal Code section 12021,[1] subdivision (a), (convicted felon in possession of firearm) following a jury trial in No. 198690 and from the revocation of probation in No. 190037.

At the trial in No. 198690, the defendant stipulated to the fact that on August 14, 1996, he had been convicted of violations of Vehicle Code

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

sections 23153, subdivision (b), and 2800.2, by a plea of no contest and these were felony convictions. Following trial, at the probation hearing held in No. 190037, the defendant submitted the matter based upon the evidence presented at trial. The court ordered probation to remain revoked with regard to three felony counts.

On appeal, Rodriguez contends that his conviction of a violation of section 12021 and the revocation of probation must be reversed because he did not personally waive his constitutional rights before stipulating regarding his status as a convicted felon. He also argues that the judgment of conviction must be reversed because the reasonable doubt instruction was constitutionally defective. Finally, he asserts that, if the preceding arguments are rejected, the abstract of judgment must be amended to accurately reflect the sentence pronounced.

We find the defendant's substantive arguments unpersuasive but agree that the abstract of judgment must be amended.

## A.  *Stipulation re Convicted Felon Status*

The defendant's argument is twofold. First, he contends that express, personal waivers of his constitutional rights to silence, jury trial, and confrontation and cross-examination, were required in accordance with *Boykin-Tahl*[2] before the court accepted his stipulation and cites *People* v. *Hall* (1980) 28 Cal.3d 143 [167 Cal.Rptr. 844, 616 P.2d 826], disapproved in *People* v. *Bouzas* (1991) 53 Cal.3d 467, 478 [279 Cal.Rptr. 847, 807 P.2d 1076] on another ground, and *People* v. *Turner* (1983) 145 Cal.App.3d 658 [193 Cal.Rptr. 614], disapproved on another ground in *People* v. *Majors* (1998) 18 Cal.4th 385, 411 [75 Cal.Rptr.2d 684, 956 P.2d 1137].[3] Second, the defendant contends that an express personal waiver of his right to jury trial as to his convicted felon status was required under the California Constitution and cites *People* v. *Ernst* (1994) 8 Cal.4th 441 [34 Cal.Rptr.2d 238, 881 P.2d 298].

The People assert that no express personal waivers were required because the stipulation merely concerned an evidentiary fact and cites *People* v. *Adams* (1993) 6 Cal.4th 570 [24 Cal.Rptr.2d 831, 862 P.2d 831].

---

[2]*Boykin* v. *Alabama* (1969) 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

[3]The defendant had cited another case, *People* v. *Newman* (Cal.App.) but the California Supreme Court granted review on October 14, 1998 (S072560).

1. *Waiver of Boykin Rights*

In *People* v. *Hall, supra*, 28 Cal.3d 143,[4] the Supreme Court, in an opinion by Chief Justice Bird, stated by way of dicta in a footnote: "For future guidance, the court notes that a stipulation such as the one offered here [regarding the element of ex-felon status] shares several key characteristics with the admission of a prior conviction alleged for enhancement purposes [citation], and with the submission of a case for decision on the basis of a preliminary hearing transcript with reservation of the rights to testify, to present additional evidence, and to cross-examine witnesses. [Citation.] Such a stipulation relieves the prosecution of the burden of proving the existence of a valid prior conviction beyond a reasonable doubt. [Citation.] It involves the partial waiver of significant constitutional rights. [Citation.] [¶] As this court observed of partial submissions in *Bunnell* v. *Superior Court* [(1975) 13 Cal.3d 592 [119 Cal.Rptr. 302, 531 P.2d 1086]], 'the objectives of [*Boykin-Tahl*] requirements, i.e., assurance that the defendant is aware of his basic constitutional rights, that his waiver is both voluntary and intelligent, and that his decision to waive these rights is made with an understanding of the consequences thereof, are no less important when the defendant surrenders all or substantially all of those rights . . . [but] contests his guilt by reserving the right to present additional evidence or to present legal argument in defense of the charge.' (*Id.*, at p. 604; see also *Boykin* v. *Alabama* (1969) 395 U.S. 238 . . . ; *In re Tahl* (1969) 1 Cal.3d 122 . . . .) That observation is equally appropriate where, as here, the accused concedes the status element of a section 12021 charge. Whether it may also apply to other factual stipulations the court need not, and does not, decide today. [Citations.] [¶] It is true that the decision to stipulate to the ex-felon status is a tactical one. The same can be said, however, of the decisions to plead guilty, to submit a case on the preliminary hearing transcript, or to admit prior convictions alleged for enhancement purposes. Yet *Boykin-Tahl* protections apply to such decisions. (But see *People* v. *Fisk* (1975) 50 Cal.App.3d 364, 371 . . . .) [¶] Therefore, trial courts in the future would be well-advised to assure the record adequately reflects the fact that a defendant is advised of any constitutional rights waived when stipulating to the status of

---

[4]The Supreme Court in *Hall* held that where an accused, charged with a violation of section 12021, stipulates to ex-felon status, the status element of the offense must be entirely withheld from the jury's consideration unless the prosecution can clearly demonstrate that application of this rule will legitimately impair the prosecutor's case or preclude the presentation of alternate theories of guilt. (*People* v. *Hall, supra*, 28 Cal.3d at p. 156.) This holding was subsequently abrogated by the adoption of California Constitution, article I, section 28, subdivision (f) ("When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court."). (See *People* v. *Karis* (1988) 46 Cal.3d 612, 639, fn. 18 [250 Cal.Rptr. 659, 758 P.2d 1189]; *People* v. *Valentine* (1986) 42 Cal.3d 170, 173, 176-182 [228 Cal.Rptr. 25, 720 P.2d 913].)

an ex-felon. He should be informed as to the nature and the consequences of the stipulation. Such a requirement is already in use in cases which involve the admission of prior felony convictions. (Cf. *In re Tahl, supra,* 1 Cal.3d at p. 133, fn. 6.) Therefore, the practice endorsed today should not unduly burden the judicial process." (*People* v. *Hall, supra,* 28 Cal.3d 143, 157, fn. 9.)

In *People* v. *Turner, supra,* 145 Cal.App.3d 658, an appellate court, in reliance upon *Hall,* reversed a conviction of being an ex-felon in possession of a concealable firearm (former § 12021) because the record merely showed that defense counsel stipulated to the defendant's ex-felon status. (*People* v. *Turner, supra,* 145 Cal.App.3d at pp. 670-671.) The court stated "the record must disclose the defendant's personal, voluntary and intelligent waiver of his constitutional rights. [Citations.]" (*Id.* at p. 671.) Indeed, this is the position still stated in the Use Note accompanying CALJIC No. 12.44 (Firearm—Possession by Person Convicted of a Felony—Status Stipulated) (6th ed. 1996 bound vol.) page 91, which cites *People* v. *Hall, supra,* 28 Cal.3d 143, 157, footnote 9.

In *People* v. *Fisk* (1975) 50 Cal.App.3d 364 [123 Cal.Rptr. 414], the contrary appellate authority acknowledged in *Hall,* the defendant attacked "his conviction under Penal Code section 12021 as well as the finding of two prior convictions, charging the trial court with failure to give the admonitions required by *In re Yurko,* 10 Cal.3d 857, 863 . . . ." (*People* v. *Fisk, supra,* 50 Cal.App.3d at p. 370.) There, outside the jury's presence, "defendant's attorney stipulated with reference to the section 12021 charge that defendant was an 'ex-con.' " (*Ibid.*) The defendant also admitted two prior felony convictions. (*Ibid.*)

The court reasoned that the stipulation, which admitted one element of the offense charged, simply represented a tactical decision regarding an evidentiary issue and did not require the defendant's express consent on the record. (50 Cal.App.3d at p. 371.) The court stated that "[t]he factors which influenced the court in *Yurko* to apply the *Boykin-Tahl* rule to admissions of priors do not necessitate the same approach to stipulations of counsel admitting factual elements of a criminal charge. [Citation.]" (*Ibid.*) The court declared: "With reference to the charge of violating section 12021, we conclude that defendant's attorney could validly stipulate to defendant's status as a convicted felon without the necessity of the *Boykin-Tahl* admonition."[5] (*Ibid.*)

*People* v. *Fisk, supra,* 50 Cal.App.3d 364 was cited with approval in the 1993 California Supreme Court case of *People* v. *Adams, supra,* 6 Cal.4th

---

[5] The court differentiated between the factual stipulation and the defendant's admissions, finding "the trial court erred in accepting defendant's admission of the prior convictions

570, for the proposition that counsel may properly stipulate to evidentiary facts in criminal cases. (*People* v. *Adams, supra,* 6 Cal.4th at p. 578.) In *Adams,* the issue was whether *Boykin-Tahl* waivers were required for a stipulation, made in reference to a sentence enhancement allegation under section 12022.1, that " '[a]t the time [the defendant] allegedly committed the offenses for which he is presently on trial, he was out of custody on his own recognizance, or on bail for other charges which were then pending against him.' " (6 Cal.4th at p. 574.) The court held: "[B]ecause defendant's stipulation was a stipulation to evidentiary facts, not an admission that the enhancement allegation itself was true or an admission of every element necessary to imposition of punishment on the section 12022.1 charge, the *Boykin-Tahl* and *Yurko* requirements are inapplicable." (*Id.* at p. 573.)

The Supreme Court recognized a critical distinction between an ordinary factual stipulation, which alone would not support imposition of increased punishment, and an admission of the truth of an enhancement allegation in its entirety. (6 Cal.4th at pp. 578-580.) The court observed: "Evidentiary stipulations have long been. recognized as tactical trial decisions which counsel has discretion to make without the express authority of the client. [Citation.]" (*Id.* at p. 578.) However, the court acknowledged: "[W]hen the stipulation admits every element of the enhancement that is necessary to imposition of the additional penalty, for purposes of *Boykin-Tahl* analysis we see no meaningful distinction between an admission of the truth of an enhancement allegation and an admission of all of the elements necessary to imposition of the additional punishment authorized by the enhancement." (*Id.* at p. 580, fn. 7.)

The Supreme Court stated: "When a defendant who has asserted and received his right to trial, and has waived none of his constitutional rights, elects to stipulate to one or more, but not all, of the evidentiary facts necessary to a conviction of an offense or to imposition of additional punishment on finding that an enhancement allegation is true, the concerns which prompted the *Boykin* holding are not present. No Supreme Court decision in which the voluntariness of a defendant's plea was in question suggests that the court's concern in *Boykin* extended beyond the issues of voluntariness which arise when a defendant admits a charge and, as a result, no trial on his guilt or innocence of the charge is held." (6 Cal.4th at p. 581.)

The Supreme Court observed: "The federal circuits are in substantial agreement that where a defendant has pleaded not guilty and stipulates to evidentiary facts, even facts crucial to a conviction, *Boykin* and its rule 11 of

without first having given him the admonitions required by *In re Yurko, supra.*" (*People* v. *Fisk, supra,* 50 Cal.App.3d at p. 371.)

the Federal Rules of Criminal Procedure counterpart are not applicable. While the stipulation must be voluntary and intelligent, it is not mandatory that the court ensure that this appears on the face of the record, and the reviewing court does not apply a test which mandates reversal if the record fails to include *Boykin-Tahl* or equivalent advice. [Citations.]" (6 Cal.4th at p. 582.)

The Supreme Court concluded: "We do not agree that when a section 12022.1 enhancement is alleged a stipulation to the defendant's bail or own recognizance status is tantamount to a plea of guilty, or that the *Boykin-Tahl* requirements are applicable to an evidentiary stipulation which does not admit the truth of the allegation itself or every fact necessary to imposition of the additional punishment other than conviction of the underlying offense. Unless the stipulation or admission is that broad, it does not have the definite penal consequences necessary to trigger the *Boykin-Tahl* requirements." (6 Cal.4th at p. 580.)

The defendant now asserts that the Supreme Court has never expressly overruled or disapproved of the dicta in *Hall* and, therefore, it remains good law and should be followed by this court despite the analysis in *People* v. *Adams*. We disagree.

■ Although dicta of the California Supreme Court ordinarily carries persuasive weight and should be followed, especially where it demonstrates a thorough analysis of the issue or reflects compelling logic, it is not binding on this court. (*Grange Debris Box & Wrecking Co.* v. *Superior Court* (1993) 16 Cal.App.4th 1349, 1358 [20 Cal.Rptr.2d 515].) Furthermore, a decision of the California Supreme Court is controlling authority and must be followed by lower courts. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

*People* v. *Adams* fully considered and analyzed an issue closely related and analogous to the issue before us. It implicitly repudiated the dicta in *Hall*. (But see *People* v. *Robertson* (1992) 11 Cal.App.4th 835, 840-841 [14 Cal.Rptr.2d 572]; *People* v. *Robertson* (1989) 48 Cal.3d 18, 41 [255 Cal.Rptr. 631, 767 P.2d 1109]; *People* v. *Wright* (1987) 43 Cal.3d 487, 492 [233 Cal.Rptr. 69, 729 P.2d 260].) ■ Here, the defendant's factual stipulation regarding his convicted felon status did not dispose of all the elements of the charged offense. Therefore, it was not tantamount to a guilty plea and the mandate of *Boykin-Tahl* was inapplicable.

## 2. *Waiver of State Right to Jury Trial\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

B., C.\*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### *Disposition*

The trial court is directed to amend the abstract of judgment to reflect the sentence pronounced, a total term of three years in state prison, and to forward a copy of the amended abstract of judgment to the Department of Corrections. The judgment is affirmed.

Cottle, P. J., and Premo, J., concurred.

---

\*See footnote, *ante*, page 1324.