Opinion
KRIEGLER, J.
The instant appeal involves the common scenario of a failure to appear by a person cited for a traffic violation. As a result of the failure to appear, a warrant is issued pursuant to Vehicle Code section 40515,[1] and a new charge of failure to appear, in violation of Vehicle Code section 40508, subdivision (a),[2] is appended to the underlying traffic charge. (See People v. Superior Court (1968) 262 Cal.App.2d 283, 285 [68 Cal.Rptr. 629].) In this case we hold that because Vehicle Code section 40508, subdivision (a), is a misdemeanor and not an infraction, the traffic defendant is entitled to a jury trial on the failure to appear charge, and the failure to advise the defendant of the right to a jury trial and obtain a waiver thereof constitutes reversible error.
*Supp. 3 Defendant Stephen E. Foster (hereinafter appellant) was cited for failing to stop at a red light, in violation of Vehicle Code section 21453.[3] Appellant signed a written promise to appear on December 12, 1999. When appellant did not appear on December 12 1999, a second allegation was added, charging a failure to appear, in violation of Vehicle Code section 40508, subdivision (a).
Appellant did appear in court on February 8, 2000, at which time he was arraigned on the failure to appear and failure to stop for a red light charges. The minute order for the arraignment indicates appellant was advised of the rights applicable to an infraction, which do not include the right to a jury trial. On the day of the trial, the citing officer failed to appear, and the failure to stop at the red light charge was dismissed. The trial court, without taking a waiver of the right to a jury trial, found appellant guilty of the failure to appear, and imposed a fine of $100 plus the penalty assessment. This appeal is from the judgment on the charge of violating Vehicle Code section 40508, subdivision (a).
Appellant raises multiple issues on appeal, including that he was not advised of, and did not waive, his right to a jury trial on the misdemeanor charge of failure to appear. Because this contention is dispositive, we need not discuss the remaining issues.
The Legislature has specifically declared that a violation of Vehicle Code section 40508, subdivision (a), constitutes a misdemeanor and not an infraction. (Veh. Code, § 40000.25.)[4] A defendant charged with a misdemeanor has the right to a trial by jury. (Cal. Const., art. I, § 16; Mills v. Municipal Court (1973) 10 Cal.3d 288, 298 [110 Cal.Rptr. 329, 515 P.2d 273].) Where a defendant is charged with an offense other than an infraction, a jury trial must be held unless the defendant is advised of, and affirmatively waives, the right to trial by jury. (See People v. Ernst (1994) 8 Cal.4th 441, 446-448 [34 Cal.Rptr.2d 238, 881 P.2d 298].) The record must clearly and affirmatively show the defendant personally waived the right to a trial by jury; a waiver will not be implied from silence or conduct. (People v. Ernst, supra, 8 Cal.4th at p. 448; People v. Holmes (1960) 54 Cal.2d 442, 444 [5 Cal.Rptr. 871, 353 P.2d 583].) The failure to obtain a proper jury trial waiver constitutes a structural defect requiring reversal of the conviction. (People v. Ernst, supra, at p. 449.)
*Supp. 4 The record establishes the trial court did not advise appellant of his right to a jury trial, and failed to obtain a proper jury waiver from appellant. The trial court’s error in conducting a court trial without obtaining a proper jury waiver constitutes reversible error.
The judgment is reversed.
Beverly, P. J., and McKay, J., concurred.

Vehicle Code section 40515 provides in part as follows: “(a) When a person signs a written promise to appear . . . and has not posted bail, the magistrate may issue and have delivered for execution a warrant for his arrest within 20 days after his failure to appear before the magistrate . . . .”

Vehicle Code section 40508, subdivision (a) provides: “Any person willfully violating his or her written promise to appear or a lawfully granted continuance of his or her promise to appear in court or before a person authorized to receive a deposit of bail is guilty of a misdemeanor regardless of the disposition of the charge upon which he or she was originally arrested.”

Vehicle Code section 21453, subdivision (a) provides in part as follows: “A driver facing a steady circular red signal alone shall stop at a marked limit line, but if none, before entering the crosswalk on the near side of the intersection . . . .”

Vehicle Code section 40000.25 provides in part as follows: “A violation of any of the following provisions shall constitute a misdemeanor, and not an infraction: HD ... [ID Section 40508, relating to failure to appear or to pay a fine.”