[No. F034435. Fifth Dist. Oct. 4, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL EDDIE TOWEY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Facts and parts II, III, IV, V, VI, VII, VIII and IX.

COUNSEL

Michael Berger, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ARDAIZ, P. J.—On August 31, 1999, a jury found appellant Michael Eddie Towey guilty of felony transportation of methamphetamine and the misdemeanors of possession of marijuana, being under the influence of a controlled substance, and giving false identification to a police officer. The trial court found as true enhancement allegations of a prior serious or violent felony conviction for attempted robbery, a prior conviction for possession for sale of a controlled substance, and prior prison terms for both of these convictions. Appellant was sentenced to an 11-year prison term.

Appellant filed a timely appeal claiming (1) the trial court erred by not obtaining appellant's personal waiver of the use of CALJIC Nos. 2.60 and 2.61, (2) proper instructions about proof of the required mental states were not given, (3) the trial court erred by not giving sua sponte instructions regarding voluntary intoxication, (4) he was not under "detention" for purposes of Penal Code section 148.9[1] at the time he falsely identified himself to a police officer, (5) the transportation of methamphetamine conviction was not supported by substantial evidence, (6) the transportation of methamphetamine conviction must be reversed because the trial court did not give CALJIC Nos. 3.00 or 3.01 regarding aiding and abetting, (7) the trial court erred by failing to advise appellant of his Boykin-Tahl-Yurko[2] rights before his admission of the enhancement allegations, (8) the use of CALJIC No. 17.41.1 infringed upon appellant's constitutional right to trial by jury, and (9) the use of CALJIC No. 17.42 prohibiting the jury from considering the penalties or punishments was prejudicial error.

We will affirm the convictions, reverse the findings of the enhancement allegations and remand for further proceedings. In the published portion of

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] *Boykin v. Alabama* (1969) 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274] (*Boykin*); *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449] (*Tahl*); and *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561] (*Yurko*).

this opinion we address the issue of whether a defendant must personally waive the giving of CALJIC Nos. 2.60 and 2.61 regarding a defendant not testifying. The facts of this case are unnecessary to the published portion of this opinion.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I

*Personal Consent of Defendant Is Not Required to Forgo the Use of CALJIC Nos. 2.60 and 2.61*

 Appellant presents the novel question of whether or not the trial court erred when it accepted defense counsel's waiver of a request for CALJIC Nos. 2.60 (Defendant Not Testifying—No Inference of Guilt May be Drawn) and 2.61 (Defendant May Rely on The State of The Evidence) without obtaining a personal waiver from appellant. The record reflects the following discussion of defense counsel's waiver of these two instructions:

"Ms. FOCHETTI [deputy district attorney]: Also, we were going to—I would request the defendant put his waiver—or the defense attorney put his waiver of requesting CALJIC instructions 2.60 and 2.61 on the record.

"MR. OLIVER [defense counsel]: That's true, I specifically do not request that for the defendant. Tactically, I find that I think it's less beneficial to—to give those instructions.

"THE COURT: Okay."

 In *People v. Ernst* (1994) 8 Cal.4th 441 [34 Cal.Rptr.2d 238, 881 P.2d 298], the Supreme Court held that a defendant's right to a jury trial can only be waived personally by the defendant. A personal waiver of the right to trial by jury is explicitly required by the California Constitution. (Cal. Const., art. I, § 16.) Case law also requires personal waivers for other "fundamental" rights of a personal nature. "It is for the defendant to decide such fundamental matters as whether to plead guilty [citation], whether to waive the right to trial by jury [citation], whether to waive the right to counsel [citation], and whether to waive the right to be free from self-incrimination [citation]. As to these rights, the criminal defendant must be

*See footnote, *ante,* page 880.

admonished and the court must secure an express waiver; as to other fundamental rights of a less personal nature, courts may assume that counsel's waiver reflects the defendant's consent in the absence of an express conflict. [Citation.]" (*In re Horton* (1991) 54 Cal.3d 82, 95 [284 Cal.Rptr. 305, 813 P.2d 1335], fn. omitted.)

Outside of a handful of "fundamental" rights of a personal nature, an accused surrenders control over defense strategies and tactics in his case to defense counsel. (*In re Horton, supra*, 54 Cal.3d at p. 95.) For example, in *People v. Bradford* (1997) 14 Cal.4th 1005, 1052 [60 Cal.Rptr.2d 225, 929 P.2d 544], the Supreme Court ruled a trial court has no duty "to sua sponte inform [a defendant] of his right to testify and to obtain an express personal waiver of that right." One factor distinguishing the right to a jury trial from the right to testify is the absence of a provision in the California Constitution requiring an express personal waiver of the right to testify.

 While recognizing that the instructions relate to the fundamental right concerning self-incrimination and to the presumption of innocence, we conclude the right to have the jury instructed using CALJIC Nos. 2.60 and 2.61 is not, in itself, a "fundamental right of a personal nature" that requires an express personal waiver by a defendant. First, no provision of the California Constitution or California case law explicitly requires an express personal waiver by a defendant of the right to have the jury instructed under CALJIC Nos. 2.60 and 2.61.

Second, as recognized by the parties, decisions concerning which instructions to request and which instructions to waive generally are matters of tactics. The record in this case shows defense counsel's reason for not requesting the instructions was tactical. The Supreme Court has recognized that it is debatable whether or not a defendant receives an advantage from an instruction forbidding the jury to draw any inference of guilt from the defendant's failure to testify because it draws the jury's attention to his silence. (See *People v. Gardner* (1969) 71 Cal.2d 843, 854 [79 Cal.Rptr. 743, 457 P.2d 575].) As a result, California courts have not imposed a sua sponte duty to give the instructions. (See *People v. Holt* (1997) 15 Cal.4th 619, 687 [15 Cal.4th 1385a, 63 Cal.Rptr.2d 782, 937 P.2d 213].) In light of the treatment historically given to the instructions currently set forth in CALJIC Nos. 2.60 and 2.61, the right to have those instructions given cannot be characterized as a "fundamental" right, much less the equivalent of any of the four fundamental rights of a personal nature identified in *In re Horton, supra*, 54 Cal.3d at page 95, which require a personal waiver.

Accordingly, we will not create a new duty requiring trial courts to seek, sua sponte, personal waivers from defendants when their attorneys request CALJIC Nos. 2.60 and 2.61 not be given.

II-IX*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The convictions are affirmed and the findings of the enhancement allegations are reversed and remand for further proceedings consistent with this decision.

Wiseman, J., and Cornell, J., concurred.

---

*See footnote, *ante*, page 880.