Filed 1/8/24  P. v. Hudson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085108 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 20CMS-2144) |
| CLAUDE EUGENE HUDSON, JR., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Michael J. Reinhart, Judge.

Joseph M. Ahart, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Hannah Janigian Chavez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Detjen, Acting P. J., Peña, J. and Meehan, J.

Defendant Claude Eugene Hudson, Jr., contends on appeal that the judgment must be reversed and remanded because the trial court erred by (1) denying defendant's demand for a jury trial under the United States Constitution and the California Constitution; and (2) imposing a $300 probation revocation restitution fine under Penal Code section 1202.44.[1]  The People agree that the judgment must be reversed and remanded because defendant did not validly waive his right to a jury trial under the United States and California Constitutions.  However, the People contend we need not reach the issue of whether the court properly imposed a fine pursuant to section 1202.44 because the case must be reversed and remanded.  We agree with the People.

We reverse the judgment and remand the matter for defendant to exercise his right to a jury trial.

**PROCEDURAL SUMMARY**

On October 12, 2021, the Kings County District Attorney filed a first amended consolidated information charging defendant with resisting an executive officer (§ 69; count 1); two counts of trespass and refusing to leave private property (§ 602, subd. (o); counts 2 & 3); and aggravated trespass (§ 602.5, subd. (b); count 4).

Defendant pleaded not guilty to all counts.

On September 20, 2022, the trial court found defendant guilty on count 1 and the remaining counts were dismissed.

On the same day, the trial court sentenced defendant to a total of two years in county jail.  Defendant was awarded 400 days actual credit and 400 days conduct credit. The court imposed various fines and fees pursuant to sections 1202.4, subdivision (b), 1202.45, 1465.8, and Government Code section 70373.  The fines and fees were deemed paid since defendant's time credits exceeded his sentence.

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

2.

On October 4, 2022, defendant filed a timely notice of appeal.

## DISCUSSION[2]

Defendant contends that the judgment must be reversed and his case remanded because he did not validly waive his right to a jury trial under the United States and California Constitutions. The People agree, as do we.

### A. *Background*

On February 25, 2022, the trial court held a pretrial conference. The court asked defense counsel what the status of the case was, and defense counsel answered, "I met and conferred with [defendant;] he is amenable to a court trial. We would like to set this for a court trial on all open matters."

However, when the trial court asked defendant directly whether he understood the difference between a court trial and jury trial, defendant answered, "Okay, we'll do the jury trial, I'll maintain my—." Defense counsel then said, "Let's set a jury trial." When the clerk provided the dates for the trial, she stated she set the matter for a "jury trial commencing August [29th] at 9:30 [a.m.]"

However, the minute order from the hearing states, "Defendant waives [his] right to [a] [j]ury [t]rial and requests the matter proceed as a [c]ourt [t]rial."

On July 15, 2022, at the pretrial hearing, the trial court stated the dates were set "for the court trial on August 29th .…" Defense counsel then stated, "Correct. [Defendant] previously waived jury on these matters, and we're requesting to proceed by court trial on that date."

On September 19, 2022, at the trial confirmation hearing, the parties confirmed that the matter was set for a court trial.

---

**2**    The facts of the underlying offenses are not relevant to the issues raised on appeal and therefore are not included here.

3.

On September 20, 2022, defendant was tried during a one-day court trial and found guilty on count 1, with all remaining counts dismissed.

### B.      Law

When conflicting records cannot be harmonized, the court will look at the circumstances of the specific case to determine which portion of the record should prevail. (*People v. Harrison* (2005) 35 Cal.4th 208, 226.) If there is a discrepancy between the court's oral pronouncement and the minute order, it is presumed that the discrepancy results from clerical error in recording the court's order. (*People v. Sanchez* (2019) 41 Cal.App.5th 261, 268.)

Under the United States Constitution and the California Constitution, a criminal defendant has the right to a trial by jury. (U.S. Const., 6th & 14th Amends.; Cal. Const., art. 1, § 16; see also *People v. Ernst* (1994) 8 Cal.4th 441, 444–445 (*Ernst*).) The right to a jury trial is a fundamental constitutional right and may only be waived if the defendant gives a knowing, intelligent, and voluntary waiver. (*People v. Collins* (2001) 26 Cal.4th 297, 304–305.)

A waiver is intelligent if " ' " 'made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it[.]' " ' " (*People v. Collins*, *supra*, 26 Cal.4th at p. 305.) A waiver must be express and cannot be implied from the defendant's conduct. (*Collins*, at p. 308; *Ernst*, *supra*, 8 Cal.4th at p. 445.)

A denial of a constitutional right, such as the right to a jury trial, constitutes a defect in judicial proceedings which results in a miscarriage of justice. (*Ernst*, *supra*, 8 Cal.4th at pp. 448–449.) When there is a miscarriage of justice stemming from a procedural error, a judgment may be set aside. (*Id*. at p. 449.)

### C.    Analysis

Here, we agree with the parties that the court erred by denying defendant his right to a jury trial under the United States and California Constitutions because defendant did not provide a valid jury trial waiver.  (See *Ernst*, *supra*, 8 Cal.4th at pp. 448–449.)  Defendant clearly stated to the trial court during the first pretrial hearing on February 25, 2022, that he wanted a jury trial after the court explained to him the difference between a court trial and jury trial, which the court then acknowledged and the clerk orally stated that she set accordingly.

Here, there was a discrepancy between the minute order and the reporter's transcript from the February 25, 2022 hearing.  Looking at the circumstances of this case, we conclude the reporter's transcript of the hearing controls.  (See *People v. Harrison*, *supra*, 35 Cal.4th at p. 226; see also *People v. Sanchez*, *supra*, 41 Cal.App.5th at p. 268.)  The transcript of the pretrial hearing clearly records statements made by defendant, defense counsel, the trial court, and the clerk explicitly stating defendant would receive a jury trial.  Throughout the rest of that hearing, all parties appeared to agree that the trial would be by jury, with the clerk confirming the matter was set for a jury trial.  However, as a result of a clerical error in the minute order, a court trial was set instead of a jury trial, and the court mistakenly proceeded on that basis at the following hearings and the subsequent court trial.  Accordingly, defendant was deprived of his right to a jury trial.[3] (See *Ernst*, *supra*, 8 Cal.4th at pp. 448–449.)

### DISPOSITION

The judgment is reversed and the matter remanded for defendant to exercise his right to a jury trial.

---

[3]    As the judgment is reversed and remanded, we need not reach the second issue raised by defendant as to whether the court properly imposed and stayed a $300 probation revocation fine pursuant to section 1202.44.