[No. S075232. Aug. 2, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
DAMANI COLLINS, Defendant and Appellant.

COUNSEL

Randy Baker, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Gregory A. Ott, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GEORGE, C. J.**—In this case we must determine the validity of a criminal defendant's waiver of a jury trial, when the trial court, in advising the defendant before accepting the waiver, informed him that he would receive "some benefit" if he waived his right to a jury trial, although the court could not specify what the benefit would be. The Court of Appeal, in a divided decision, determined that the jury waiver obtained under these circumstances was valid. We conclude that the waiver of a jury trial obtained by a trial court's assurance of an unspecified benefit is not a valid waiver, and that this error compels reversal of defendant's conviction. Accordingly, the judgment of the Court of Appeal is reversed.

I

On January 29, 1997, an information was filed against defendant Damani Collins, alleging that he had committed five forcible acts of lewd or lascivious conduct on a child under the age of 14 years (Pen. Code, § 288, subd.

(b)), or five acts of lewd or lascivious conduct on a child under that age without the use of force (Pen. Code, § 288, subd. (a)), based upon the same five acts. The information alleged that four of the acts in violation of Penal Code section 288, subdivision (b), were committed by defendant's use of force or fear of immediate and unlawful bodily injury, and that three of the acts in violation of Penal Code section 288, subdivisions (a) and (b), involved substantial sexual conduct (Pen. Code, § 1203.066, subd. (a)(1), (8)), precluding any grant of probation, suspension of the sentence, or striking of those findings. On April 10, 1997, the information was amended to allege additionally that defendant had suffered prior convictions (Pen. Code, § 4532, subd. (b); Health & Saf. Code, § 11351.5) and previously had served a prison term (Pen. Code, § 667.5, subd. (b)).[1]

On June 10, 1997, the matter was called for trial, and jury selection was scheduled to commence. Prior to the entrance of the first group of prospective jurors, defense counsel informed the trial court that counsel had discussed with defendant the possibility of his waiving a jury trial.

We set forth in some detail the trial court's communication with defendant on the subject of his waiver of a jury trial, in order to provide an adequate factual context in which to understand the determinations made by the trial court and, subsequently, by the Court of Appeal.

The trial court inquired of defendant whether he wished to "waive jury" or not, and defendant responded "waive." The trial court again asked whether defendant wished to proceed with having jurors brought into court or instead have a trial without a jury, and defendant responded, "without a jury." The trial court stated that defendant was entitled to have his case tried before a jury, observing that defense counsel had spoken with defendant about giving up his right to a jury trial and having the trial take place solely before a judge. The trial court inquired of defendant whether that was what he wished to do. Defendant responded that he would follow defense counsel's recommendation and waive jury trial.

The trial court then asked whether defendant understood that he was entitled to have a trial by jury; that if he had a trial by jury, a jury of 12 individuals would be selected to decide his case; that in order to return a verdict of guilty, all 12 jurors would have to agree to the verdict; that if he did not have a jury trial, the court would hear the evidence in the case; that the trial judge in effect would be the jury in the case and would make the determination of guilty or not guilty; that the prosecution's burden to prove guilt beyond a reasonable doubt would be the same whether the trial was by

---

[1]All further statutory references are to the Penal Code.

a jury or by the court; that defendant would retain his rights to confront and cross-examine witnesses, to compel the attendance of witnesses on his own behalf, to present evidence on his own behalf, and to remain silent or choose to testify; that defendant would relinquish solely his right to trial by jury and would retain all his other rights; and that his maximum potential punishment was the same whether his trial was before a jury or before the court. Defendant responded in the affirmative to these questions.

The trial court then inquired whether defendant understood that by waiving a trial by jury, he was not "gaining any promises of leniency or anything else relative to the waiver." At this point, defendant responded in the negative. The trial court asked whether defendant understood that the trial court would hear the evidence and make decisions based upon the evidence presented and consistent with the law. Defendant responded in the affirmative.

The following exchange then occurred:

"THE COURT: *Okay. And do you understand that I'm not promising you anything just to get you to waive jury? . . . Do you understand that?*

"DEFENDANT: *I was told that it would—that it was some reassurance or some type of benefit.*

"THE COURT: Okay. I think that—I think what [defense counsel] may have been referring to is that *I indicated to counsel when somebody mentioned that this issue is going to be discussed with you that there might well be a benefit in it. Just by having waived jury, that has some effect on the court. Do you understand that? By not taking up two weeks' time to try the case, but rather giving—just having it in front of a judge alone. . . . Do you understand that?*

"DEFENDANT: *Yes.*

"THE COURT: *Is that your understanding as well? Let me ask you that.*

"DEFENDANT: *Yes.*

"THE COURT: *I didn't specify and I'm not specifying that there's any particular benefit, but that by waiving jury, you are getting some benefit, but I can't tell you what that is because I don't know yet. Understood?*

"DEFENDANT: *Yes.*

"THE COURT: *Okay. Is that agreeable to you?*

"DEFENDANT: *Yes.*

"THE COURT: Do you have any questions about waiving jury?

"DEFENDANT: No.

"THE COURT: Okay. Has anybody made any threats or promises to you to get you to waive jury?

"DEFENDANT: No.

"THE COURT: Okay, I'll find that Mr. Collins has made a free, knowing and intelligent waiver of the right to a jury trial."

In response to the prosecutor's inquiry, defendant acknowledged he understood that the prosecutor's earlier offer concerning a negotiated plea no longer was available and that defendant faced a maximum potential sentence of 41 years in prison. The trial court again asked defendant whether anyone had made a representation or promise in order to induce him to waive trial by jury, and defendant responded in the negative. The trial court determined that defendant had made a voluntary, knowing, and intelligent waiver of the right to jury trial. The trial court then obtained the prosecutor's and defense counsel's agreement to waive trial by jury. (See Cal. Const., art. I, § 16.)

The case proceeded to trial before the court. The trial court found defendant guilty of three counts of forcible and five counts of nonforcible lewd or lascivious acts upon a child under the age of 14 years. (§ 288, subds. (a), (b)(1).) The trial court found true the allegations that defendant committed three of the acts by force or fear and that two of the acts involved substantial sexual conduct (§ 1203.066, subd. (a)(1), (8)), and that defendant had served a prior prison term (§ 667.5, subd. (b)). The trial court sentenced defendant to a total term of 24 years in prison, consisting of the upper term of eight years, and two consecutive terms of six years each, for the three violations of section 288, subdivision (b), and two consecutive terms of two years each for two violations of section 288, subdivision (a). The trial court stayed the sentences on the three remaining violations of section 288, subdivision (a), as well as the enhancement for the service of a prior prison term.

Defendant appealed on the sole ground that his waiver of the right to trial by jury was induced by the trial court's offer of a benefit, and therefore under the federal and state Constitutions was not made voluntarily. The

Court of Appeal, determining that this issue was analogous to the question of the "sufficiency" of a defendant's waiver of the right to trial considered in *People v. Howard* (1992) 1 Cal.4th 1132, 1175-1178 [5 Cal.Rptr.2d 268, 824 P.2d 1315] (*Howard*), and employing the standard of review enunciated in that decision, decided in a split decision that under the totality of the circumstances, defendant's waiver of his right to trial by jury was knowing, intelligent, and voluntary and therefore valid. The dissenting justice, employing the same standard of review, concluded that defendant's waiver of his right to jury trial was not knowing, intelligent, and voluntary.

We granted defendant's petition for review.

## II

## A

Defendant contends the trial court's statement that defendant would receive "some benefit"—of a nature that would be determined at a later date if defendant waived his right to a trial by jury—amounted to an improper inducement to waive that right, and that defendant's waiver of a jury trial in response to that inducement may not be deemed knowing, intelligent, and voluntary. Defendant urges that consequently his right to due process of law under both the federal and state Constitutions was violated. As explained, we conclude that defendant's contention has merit.

Our consideration of the issue requires a brief review of the nature of the constitutional right at stake and the procedural protections that must accompany its waiver. The Sixth Amendment, made applicable to the states in this context by the Fourteenth Amendment of the federal Constitution, confers upon a defendant in a criminal prosecution the right to a trial by jury. (*Duncan v. Louisiana* (1968) 391 U.S. 145, 148-150, 155-156 [88 S.Ct. 1444, 1446-1448, 20 L.Ed.2d 491] (*Duncan*); see *Argersinger v. Hamlin* (1972) 407 U.S. 25, 27, 29 [92 S.Ct. 2006, 2007-2990, 32 L.Ed.2d 530].) The right to a trial by jury is recognized to be a "fundamental constitutional right." (*Sullivan v. Louisiana* (1993) 508 U.S. 275, 281-282 [113 S.Ct. 2078, 2083, 124 L.Ed.2d 182] (*Sullivan*); *Duncan, supra,* 391 U.S. 145, 156-158 [88 S.Ct. 1444, 1451-1452].) Similarly, article I, section 16 of the California Constitution confers upon a defendant in a criminal prosecution the right to a trial by jury. (*People v. Ernst* (1994) 8 Cal.4th 441, 444-445 [34 Cal.Rptr.2d 238, 881 P.2d 298] (*Ernst*); *In re Lewallen* (1979) 23 Cal.3d 274, 278 [152 Cal.Rptr. 528, 590 P.2d 383, 100 A.L.R.3d 823] (*Lewallen*); see also §§ 689, 1042.) We have recognized that this state constitutional right is fundamental. (*Ernst, supra,* 8 Cal.4th 441, 448-449.)

Nonetheless, the practice of accepting a defendant's waiver of the right to jury trial, common in both federal and state courts, clearly is constitutional. (*Duncan, supra,* 391 U.S. 145, 157-158 [88 S.Ct. 1444, 1452]; *Patton v. United States* (1930) 281 U.S. 276, 298, 308-312 [50 S.Ct. 253, 261-263, 74 L.Ed. 854, 70 A.L.R. 263] (*Patton*), disapproved on other grounds in *Williams v. Florida* (1970) 399 U.S. 78, 86-88 [90 S.Ct. 1893, 1898-1899, 26 L.Ed.2d 446].) As with the waiver required of several other constitutional rights that long have been recognized as fundamental, a defendant's waiver of the right to jury trial may not be accepted by the court unless it is knowing and intelligent, that is, " ' "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it," ' " as well as voluntary " ' "in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." ' " ▇▇▇ ▇▇ ▇▇ (*Colorado v. Spring* (1987) 479 U.S. 564, 573 [107 S.Ct. 851, 857, 93 L.Ed.2d 954] [a knowing, intelligent, and voluntary waiver of the Fifth Amendment privilege against self-incrimination must precede a confession that is the product of police interrogation]; *McCarthy v. United States* (1969) 394 U.S. 459, 465-466 [89 S.Ct. 1166, 1170, 22 L.Ed.2d 418] [an intentional revocation of a known right or privilege must accompany a guilty plea, which in effect is a waiver of the right to trial by jury, the right to confront opposing witnesses, and the privilege against self-incrimination]; *Johnson v. Zerbst* (1938) 304 U.S. 458, 464, 468 [58 S.Ct. 1019, 1024-1025, 82 L.Ed. 1461, 146 A.L.R. 357] [a knowing and intentional waiver of the Sixth Amendment right to assistance of counsel is required before a defendant may proceed without counsel]; *Patton, supra,* 281 U.S. at pp. 308-312 [50 S.Ct. at pp. 261-263] [an intelligent waiver of right to trial by jury is required].)[2]

▇▇▇ In formulating the constitutional procedural doctrines that permit waiver, and in many instances forfeiture, of constitutional rights, the high

---

[2]Of course, it is well established that many rights, whether emanating from constitutional or other sources, " 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " (*United States v. Olano* (1993) 507 U.S. 725, 731 [113 S.Ct. 1770, 1776, 123 L.Ed.2d 508]; see *People v. Simon* (2001) 25 Cal.4th 1082, 1097 [108 Cal.Rptr.2d 385, 25 P.3d 598]; *People v. Saunders* (1993) 5 Cal.4th 580, 590 [20 Cal.Rptr.2d 638, 853 P.2d 1093].) In discussing a federal statutory rule permitting discretionary reversal of a judgment upon timely motion, the high court in *United States v. Olano* explained: "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.' *Johnson* v. *Zerbst* [, *supra,*] 304 U.S. 458, 464 . . . . Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake. [Citations.]" (*United States v. Olano, supra,* 507 U.S. 725, 733 [113 S.Ct. 1770, 1777].) In the present case, we are dealing with a fundamental constitutional right that, although clearly waivable, may be waived only if there is evidence in the record that the decision to do so was knowing, intelligent, and voluntary.

court long has recognized that the state may not punish a defendant for the exercise of a constitutional right, or promise leniency to a defendant for refraining from the exercise of that right. (*United States v. Jackson* (1968) 390 U.S. 570, 580-582 [88 S.Ct. 1209, 1215-1217, 20 L.Ed.2d 138]; *Waley v. Johnston* (1942) 316 U.S. 101, 104 [62 S.Ct. 964, 965-966, 86 L.Ed. 1302].) Coercion in either form has been rejected, whether its source is executive, legislative, or judicial in nature. (See, e.g., *Blackledge v. Perry* (1974) 417 U.S. 21, 27-31 [94 S.Ct. 2098, 2102-2104, 40 L.Ed.2d 628] [prosecutor prohibited by Fourteenth Amendment due process clause from reindicting a convicted misdemeanant on a felony charge following misdemeanant's successful invocation of appellate remedy, because of the "realistic likelihood of 'vindictiveness' "]; *North Carolina v. Pearce* (1969) 395 U.S. 711, 725 [89 S.Ct. 2072, 2080-2081, 23 L.Ed.2d 656] [trial court prohibited by Fourteenth Amendment due process clause from sentencing a defendant more harshly as retaliation for filing an appeal, because "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial"]; *United States v. Jackson, supra,* 390 U.S. at pp. 580-583 [88 S.Ct. at pp. 1215-1217] [Federal Kidnapping Act prescribing life imprisonment upon a plea of guilty but permitting jury to impose death sentence upon the defendant's election of a trial, discouraged exercise of right to plead not guilty and have a jury trial, and was unconstitutional].)

The line of decisions prohibiting such coercion·condemns "the State's *unilateral* imposition of a penalty upon a defendant who had chosen to exercise a legal right . . . ." (*Bordenkircher v. Hayes* (1978) 434 U.S. 357, 362 [98 S.Ct. 663, 667, 54 L.Ed.2d 604] (*Bordenkircher*), italics added.) The denial of due process of law frequently recognized in that line of decisions is attributable to the danger that the state might act in retaliation against the defendant for lawfully challenging his or her conviction. (*Id.* at p. 363 [98 S.Ct. at p. 668].) "To punish a person *because* he has done what the law plainly allows him to do is a due process violation of the most basic sort [citation], and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.' [Citations.]" (*Ibid.*; see *Wasman v. United States* (1984) 468 U.S. 559, 567-568 [104 S.Ct. 3217, 3222, 82 L.Ed.2d 424] (plur. opn. of Burger, C. J.); *United States v. Goodwin* (1982) 457 U.S. 368, 372 [102 S.Ct. 2485, 2488, 73 L.Ed.2d 74].)

In *Lewallen, supra,* 23 Cal.3d 274, 278-281, this court recognized and applied the principle, enunciated in the federal high court decisions, that the state is prohibited by the federal Constitution from punishing a defendant for the exercise of a constitutional right, or rewarding a defendant for forbearing

from the exercise of such a right. In *Lewallen*, the defendant declined to accept the prosecutor's offer of a reduced prison sentence on one count in exchange for a plea of guilty on that count. Following the defendant's trial, in which he was found not guilty on that count but guilty on other counts, the trial court in sentencing the defendant expressly determined that he should receive a sentence greater than he would have received under the terms of the rejected offer premised upon a plea of guilty, merely because of his election of a jury trial. The trial court in *Lewallen* stated in this regard: " '[A]s far as I'm concerned, if a defendant wants a jury trial and he's convicted, he's not going to be penalized *with that*, but on the other hand he's not going to have the consideration he would have had if there was a plea.' " (*Id.* at p. 277.) We concluded that the trial court essentially had punished the defendant for the exercise of his right to trial and held that his sentence must be vacated. (*Id.* at pp. 279-281; *People v. Colds* (1981) 125 Cal.App.3d 860, 863-864 [178 Cal.Rptr. 430] [trial court's imposition of mitigated sentence, based solely upon circumstance that the defendant had waived his right to jury trial, was unauthorized and illegal]; accord, *People v. Cahill* (1993) 5 Cal.4th 478, 482, fn. 1 [20 Cal.Rptr.2d 582, 853 P.2d 1037] (*Cahill*) [confession obtained through threat of greater punishment or promise of more lenient sentence deemed involuntary].)

We stated in *Lewallen*: "Appellate courts in California and in other jurisdictions have vacated sentences when the trial court has apparently used its sentencing power, either more severely or more leniently than the norm, in order to expedite the resolution of criminal matters. [Citations.]" (*Lewallen, supra*, 23 Cal.3d 274, 279.) The impropriety of a trial court's explicit promise of more lenient treatment in sentencing if the defendant waives trial by jury is comparable to the impropriety of harsher treatment imposed because of the defendant's having invoked his or her right to trial by jury.

In the present case, of course, the trial court's remarks were made not at the sentencing stage, but shortly before the commencement of the trial in the course of obtaining defendant's waiver of his right to jury trial. Moreover, the trial court's remarks did not include the promise of specific relief, such as a reduction in sentence, but rather the statement that the trial court would confer an unspecified benefit in the event defendant waived jury trial, thereby "not taking up two weeks' time to try the case." Thus, we need also examine decisions that discuss the various procedural safeguards attending the waiver of a fundamental constitutional right, such as the right to trial by jury.

To protect against inappropriate incursions on a defendant's exercise or waiver of a fundamental constitutional right, such as that to jury trial, the

federal Constitution long has been construed as requiring procedural safe-guards, such as the requirement that a waiver of the right in question be made by the defendant personally and expressly. (See, e.g., *Brookhart v. Janis* (1966) 384 U.S. 1, 7-8 [86 S.Ct. 1245, 1248-1249, 16 L.Ed.2d 314] [a defendant personally must waive the right to plead not guilty, because that right encompasses the right to jury trial, the right to confront opposing witnesses, and the privilege against self-incrimination]; *Johnson v. Zerbst*, *supra*, 304 U.S. 458, 464-465 [58 S.Ct. 1019, 1023] [a defendant expressly must waive Sixth Amendment right to assistance of counsel]; *Aetna Ins. v. Kennedy* (1937) 301 U.S. 389, 393-394 [57 S.Ct. 809, 812, 81 L.Ed. 1177] [a defendant expressly must waive right to trial by jury in a civil case]; *Patton*, *supra*, 281 U.S. 276, 308-312 [50 S.Ct. 253, 261-263] [a defendant expressly must waive right to trial by jury].) With respect to the particular fundamental constitutional right to a jury trial, moreover, our state Constitution explicitly requires the defendant's personal and express waiver in open court. (Cal. Const., art. I, § 16; *Ernst*, *supra*, 8 Cal.4th 441, 445; *In re Tahl* (1969) 1 Cal.3d 122, 131 [81 Cal.Rptr. 577, 460 P.2d 449] (*Tahl*); *People v. Holmes* (1960) 54 Cal.2d 442, 443-444 [5 Cal.Rptr. 871, 353 P.2d 583] (*Holmes*).)

In addition, in the wake of the numerous decisions concluding that a waiver of the fundamental constitutional rights that accompany a trial must be knowing, intelligent, and voluntary, the doctrine developed that when a defendant elects not to exercise such rights by pleading guilty and thus forgoing his or her right to a trial, the record must reflect that the defendant did so knowingly and voluntarily—that is, he or she was advised of and elected to refrain from exercising the fundamental rights in question. The most prominent decision articulating that rule is *Boykin v. Alabama* (1969) 395 U.S. 238, 242 [89 S.Ct. 1709, 1711-1712, 23 L.Ed.2d 274] (*Boykin*). (See *Tahl, supra*, 1 Cal.3d 122, 131-134; see also *Holmes, supra*, 54 Cal.2d 442, 443-444.)[3]

 In the present case, the trial court set out to discharge its constitu-tional procedural duty to advise defendant of his right to jury trial, and to

---

[3] In *Boykin*, consistently with its earlier recognition that a defendant's entry of a plea of guilty in effect waives three constitutional rights, and that consequently before entering such a plea a defendant personally must waive the right to a trial after being informed of the charges (*McCarthy v. United States, supra*, 394 U.S. 459, 465-466 [89 S.Ct. 1166, 1170-1171]; *Brookhart v. Janis, supra*, 384 U.S. 1, 7-8 [86 S.Ct. 1245, 1248-1249]), the high court held that the record affirmatively must disclose the defendant's knowing and voluntary waiver of those rights prior to the trial court's acceptance of the guilty plea. (*Boykin, supra*, 395 U.S. at p. 242 [89 S.Ct. at pp. 1711-1712].) This court, following the federal constitutional standard, concluded that in order to ensure compliance with *Boykin*'s procedural requirement, the trial court must obtain the defendant's express waiver of those rights on the record prior to accepting the guilty plea. (*Tahl, supra*, 1 Cal.3d 122, 132, fn. 5, 133.) This requirement subsequently was codified. (See § 1192.5 [the court "shall cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made . . . ."].)

determine impartially whether defendant's waiver of jury trial was knowing, intelligent, and voluntary. The trial court's formal adherence to these procedural requirements, however, does not ensure either that the substance of its comments satisfied that obligation or that defendant's ensuing waiver was knowing, intelligent, and voluntary. The trial court, by following that procedure while announcing its intention to bestow some form of benefit in exchange for defendant's waiver of that fundamental constitutional right, acted in a manner that was at odds with its judicial obligation to remain neutral and detached in evaluating the voluntariness of the waiver.

At the outset the trial court indicated that previously, upon learning that defendant might waive jury trial, the court had informed defense counsel that "there might well be a benefit in it," because "just by having waived jury" and thus not taking two weeks' time to try the case, "that has some effect on the court." Subsequently the trial court, upon informing defendant that he would receive a benefit of an unspecified nature in the event he waived his right to trial by jury, secured defendant's response that he understood. The court made these representations and offers to defendant prior to determining that his waiver of the right to jury trial was knowing, intelligent, and voluntary. The form of the trial court's negotiation with defendant presented a "substantial danger of unintentional coercion." (*People v. Orin* (1975) 13 Cal.3d 937, 943 [120 Cal.Rptr. 65, 533 P.2d 193].)

In addition, the objective of the trial court's comments was to obtain defendant's waiver of a fundamental constitutional right that, by itself (when defendant elects to go to trial), is not subject to negotiation by the court. In effect, the trial court offered to reward defendant for refraining from the exercise of a constitutional right. (See *Lewallen, supra,* 23 Cal.3d 274, 278-281; *People v. Colds, supra,* 125 Cal.App.3d 860, 863-864; accord, *People v. Alexander* (1992) 8 Cal.App.4th 602, 605 [10 Cal.Rptr.2d 450].) The circumstance that the trial court did not specify the nature of the benefit by making a promise of a particular mitigation in sentence, or other reward, does not negate the coercive effect of the court's assurances. ■ ■ ■ ■ The inducement offered by the trial court to defendant, to persuade him to waive his fundamental right to a jury trial, violated defendant's right to due process of law.[4]

---

[4]We do not intend by our holding today to call into question the well-established practice in which the *prosecutor* and the defendant negotiate a plea of guilty or nolo contendere (see *People v. West* (1970) 3 Cal.3d 595, 606-609 [91 Cal.Rptr. 385, 477 P.2d 409]), a practice that obviously involves a relinquishment of the constitutional rights attending a trial, including the right to trial by jury. As the high court has explained in examining the prerogative of the state, through the prosecutor, to offer such a plea: "[N]ot every burden on the exercise of a

## B

We next consider the effect of the trial court's error upon the judgment of conviction. As described above, the Court of Appeal determined that the issue was analogous to the question of the "sufficiency" of a defendant's waiver of the right to trial considered in *Howard, supra*, 1 Cal.4th 1132, 1175, 1178. Reviewing the trial court's error "in the totality of the circumstances," the majority of the Court of Appeal determined that defendant's waiver of his right to trial by jury was knowing, intelligent, and voluntary, and the dissent, employing the same standard, concluded to the contrary.

In *Howard, supra*, 1 Cal.4th at pages 1174-1175, the trial court erred in failing to advise the defendant of his constitutional privilege against self-incrimination and obtain his waiver of that privilege (as required by *Boykin, supra*, 395 U.S. 238, 243-244 [89 S.Ct. 1709, 1712], and *Tahl, supra*, 1 Cal.3d 122, 132-133, in the context of a defendant's plea of guilty), prior to accepting the defendant's admission that he had served a prior term of imprisonment. (See *In re Yurko* (1974) 10 Cal.3d 857, 861-863 [112 Cal.Rptr. 513, 519 P.2d 561] [applying *Boykin/Tahl* requirements when a defendant admits the truth of a prior conviction].) We determined that the trial court's error was reviewable under the federal constitutional standard that upholds the validity of a defendant's guilty plea "if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances." (*Howard, supra*, 1 Cal.4th at p. 1175, citing *North Carolina v. Alford* (1970) 400 U.S. 25, 31 [91 S.Ct. 160, 164, 27 L.Ed.2d 162]; *Brady v. United States* (1970) 397 U.S. 742, 747-748 [90 S.Ct. 1463, 1468, 25 L.Ed.2d 747].) We concluded that reversal was not required, because the record revealed that the defendant knew he had the right not to admit the prior prison term allegation and thus knowingly waived his privilege against self-incrimination. (*Howard, supra*, 1 Cal.4th at pp. 1179-1180.) Subsequently, in *People v. Allen* (1999) 21 Cal.4th 424, 439, footnote 4 [87 Cal.Rptr.2d 682, 981 P.2d 525], we observed that "[a]lthough we have not directly held the *Howard* totality-of-the-circumstances test would apply on direct appeal from a guilty plea to a substantive offense, our subsequent

---

constitutional right, and not every pressure or encouragement to waive such a right is invalid. Specifically, there is no *per se* rule against encouraging guilty pleas. We have squarely held that a State may encourage a guilty plea by offering substantial benefits in return for the plea," which may obtain for the defendant " 'the possibility or certainty . . . [not only of] a lesser penalty than the sentence that *could* be imposed after a trial and a verdict of guilty . . .' [citation], but also of a lesser penalty than that *required* to be imposed after a guilty verdict by a jury." (*Corbitt v. New Jersey* (1978) 439 U.S. 212, 218-220 [99 S.Ct. 492,497-498, 58 L.Ed.2d 466], fns. omitted, second italics added; see *Bordenkircher, supra*, 434 U.S. at pp. 362-364 [98 S.Ct. at pp. 667-668].)

cases seem to have assumed it. (See . . . *Ernst*[, *supra*,] 8 Cal.4th 441, 446 . . . ; *People v. Adams* (1993) 6 Cal.4th 570, 576, fn. 5 [24 Cal.Rptr.2d 831, 862 P.2d 831]; *People v. Wash* (1993) 6 Cal.4th 215, 268-269 [24 Cal.Rptr.2d 421, 861 P.2d 1107].)"

The Attorney General argues that *Howard* compels a harmless error analysis. As we shall explain, however, a harmless error standard does not, and cannot, apply in the present case. Under the federal Constitution, the right to trial by jury is recognized as fundamental, and its denial is "structural error," compelling reversal of a judgment of conviction without the necessity of a determination of prejudice. (*Sullivan, supra*, 508 U.S. 275, 281-282 [113 S.Ct. 2079, 2083]; *Duncan, supra*, 391 U.S. 145, 156-158 [88 S.Ct. 1444, 1451-1452].) Similarly, under the California Constitution, the right to jury trial is fundamental, and its denial is considered a "structural defect in the proceedings," resulting in a "miscarriage of justice" within the meaning of California Constitution, article VI, section 13, and requiring that the judgment of conviction be set aside. (*Ernst, supra*, 8 Cal.4th 441, 448-449.)

In *Ernst, supra*, 8 Cal.4th 441, we discussed the difference between the effect of a trial court's error in failing to obtain a defendant's express waiver of the fundamental constitutional right to trial by jury, as distinguished from the right to a trial. We concluded that the court's failure to obtain a waiver of the right to trial by jury is reversible per se. (*Id.* at pp. 448-449; *Holmes, supra*, 54 Cal.2d 442, 443-444.)

In the present case, the trial court explained the nature of the right to trial by jury in order to determine whether defendant's decision to waive that right was knowing and intelligent. The trial court questioned defendant to determine whether defendant had sufficient knowledge of the right being waived, and obtained defendant's repeated affirmations that he understood the difference between trying his case to a jury and trying it to the court. But once defendant conveyed his understanding that he would receive some benefit in the event he waived jury trial, after having been advised by the trial court that he *would* receive some benefit of an undetermined nature to be determined by the court at a later time, the defendant no longer could be said to have voluntarily relinquished his right to jury trial.

The error caused by the trial court's assurances of a benefit was not corrected by the circumstance that these assurances were provided in the course of the court's otherwise appropriate explanations and advisements concerning the right to jury trial. Nor was the error remedied by the trial court's subsequent inquiry whether defendant had received any threats or

promises of a benefit in order to persuade him to waive his right to jury trial, followed by defendant's express representation that he had not received such inducements.

In *People v. West, supra,* 3 Cal.3d 595, we recalled that, during the period prior to *Brady v. United States, supra,* 397 U.S. 742, when plea negotiation between prosecutors and defendants was in widespread use but of uncertain constitutionality, a negotiated plea was regarded as suspect because of judicial decisions concluding that a guilty plea, if induced by promises or threats, was involuntary and thus invalid. "Consequently judges commonly inquired of defendants whether any promises had been made to induce them to plead guilty, and defendants, fearing that the court would invalidate the bargain, commonly responded in the negative." (*People v. West, supra,* 3 Cal.3d at p. 606.) " 'A defendant who is expected to lie when the judge asks if a guilty plea is the result of a promise of leniency is in no position to engage in a forthright exchange with the same judge[] at the same time when the question is the defendant's understanding and relinquishment of his constitutional rights.' [Citation.]" (*Id.* at p. 609.)

In the present case, the trial court's improper assurances of a benefit obtainable by waiver of jury trial had a similar effect. The trial court, after providing those assurances, questioned defendant as to whether he had received any promises to induce him to waive his right to trial by jury. Defendant—having been assured by the trial court that he would receive some benefit if he waived that right, and presumably being loath to jeopardize that understanding—answered on the record in a manner intended to uphold his agreement with the trial court rather than to convey his actual state of mind. Defendant's volition having been compromised, there can be no application of harmless error analysis premised upon the remainder of the representations made by defendant in his colloquy with the court.

The manner in which the trial court induced defendant to waive his right to jury trial rendered that waiver involuntary. (See *Cahill, supra,* 5 Cal.4th at p. 482, fn. 1; *Lewallen, supra,* 23 Cal.3d at pp. 278-279.) Like a trial court's denial of the right to jury trial by an outright refusal to provide such a trial, its present error in improperly inducing a waiver of that right amounts to a "structural defect in the proceedings" requiring that the judgment of conviction be set aside without the necessity of a determination of prejudice. (*Sullivan, supra,* 508 U.S. at pp. 281-282 [113 S.Ct. at p. 2083]; *Arizona v. Fulminante* (1991) 499 U.S. 279, 310 [111 S.Ct. 1246, 1265, 113 L.Ed.2d 302]; *Duncan, supra,* 391 U.S. at pp. 155-156 [88 S.Ct. at p. 1451]; *Ernst, supra,* 8 Cal.4th at pp. 448-449; *Cahill, supra,* 5 Cal.4th at pp. 501-502; see also *United States v. Olano, supra,* 507 U.S. 725, 736-737 [113 S.Ct. 1770,

1779] ["plain error" may " 'seriously affect the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence" and require reversal].) Additionally, where a case improperly is tried to the court rather than to a jury, there is no opportunity meaningfully to assess the outcome that would have ensued in the absence of the error. (See *Sullivan, supra,* 508 U.S. 275, 278-282 [113 S.Ct. 2078, 2081-2083].)[5] The trial court's error thus compels reversal of the judgment.

The decision of the Court of Appeal is reversed.

Kennard, J., Baxter, J., Werdegar, J., and Chin, J., concurred.

**BROWN, J.,** Concurring.—I agree with the majority that defendant's waiver of his right to a jury trial cannot be deemed knowing and intelligent in light of the trial court's offer of some unspecified benefit in exchange for that waiver. I would, however, expressly evaluate the validity of that waiver under the well-established totality of the circumstances test.

Here, unlike the situation in *People v. Ernst* (1994) 8 Cal.4th 441, 443 [34 Cal.Rptr.2d 238, 881 P.2d 298], in which there was no express jury trial waiver, we have an express waiver, and the only question is its validity. The offer of an undefined benefit was an error in the admonitions preceding the jury trial waiver that was not cured by other statements during the proceeding (an examination of the totality of the circumstances). It is difficult to imagine how else we would determine the waiver's validity other than by examining the circumstances under which it was made. Indeed, the majority alludes to such an approach in parts of its analysis. (See, e.g., maj. opn., *ante,* at p. 301 ["[w]e set forth in some detail the trial court's communication with defendant on the subject of his waiver of a jury trial, in order to provide an adequate factual context"]; *id.* at p. 305, fn. 2 [jury trial right "may be waived only if there is evidence in the record that the decision to do so was

---

[5]Our conclusion regarding the applicable standard of review is not inconsistent with the conclusion in *People v. Epps* (2001) 25 Cal.4th 19, 29-30 [104 Cal.Rptr.2d 572, 18 P.3d 2]. In that case, the trial court denied the defendant his *statutory* right to a jury trial on the prior-conviction allegations. This court observed that because the state need not provide a jury trial on prior-conviction allegations (*Apprendi v. New Jersey* (2001) 530 U.S. 466, 486-490, 496-497 [120 S.Ct. 2348, 2361-2362, 2366, 147 L.Ed.2d 435]; *People v. Wiley* (1995) 9 Cal.4th 580, 585 [38 Cal.Rptr.2d 347, 889 P.2d 541]), the denial of the statutory right did not implicate the federal Constitution. (*People v. Epps, supra,* 25 Cal.4th at p. 29.) Because the error was purely one of state law, it was subject to the state test of harmless error (*People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]), requiring reversal only upon a finding of a reasonable probability of a result more favorable to the defendant in the absence of the error. (*People v. Epps, supra,* 25 Cal.4th at p. 29.) The present case, in contrast, involves defendant's right to jury trial on the issue of guilt or innocence, a right recognized as fundamental under both the federal and state Constitutions. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 16.)

knowing, intelligent, and voluntary"].) Moreover, this is the standard the parties and both the majority and the dissent in the Court of Appeal agree should apply in the context of jury trial waivers, and it is the standard for the waiver of numerous, if not all, constitutional rights. (*People v. Castaneda* (1975) 52 Cal.App.3d 334, 343-345 [125 Cal.Rptr. 9] [evaluating circumstances of jury trial waiver to determine its validity]; see, e.g., *Edwards v. Arizona* (1981) 451 U.S. 477, 482 [101 S.Ct. 1880, 1883-1884, 68 L.Ed.2d 378] [validity of waiver of right to counsel depends in each case on the particular facts and circumstances surrounding that case]; *Fare v. Michael C.* (1979) 442 U.S. 707, 724-725 [99 S.Ct. 2560, 2571-2572, 61 L.Ed.2d 197] [self-incrimination and counsel waiver by minor examined under the totality of the circumstances]; *People v. Panizzon* (1996) 13 Cal.4th 68, 84 [51 Cal.Rptr.2d 851, 913 P.2d 1061] [examining surrounding circumstances to determine whether defendant's waiver of the right to appeal a bargained sentence was knowing, intelligent, and voluntary]; *People v. Howard* (1992) 1 Cal.4th 1132, 1175 [5 Cal.Rptr.2d 268, 824 P.2d 1315] [guilty plea valid if record affirmatively shows it is voluntary and intelligent under the totality of the circumstances].)

Suppose, for example, the court below had offered defendant the unspecified benefit in this case, but then following a sidebar with counsel, had apologized, retracted the promise of any benefit, and extensively voir dired the defendant to ensure he was under no illusion that any benefit would be gained by waiving a jury. While the court initially erred, under the totality of the circumstances we would not conclude the subsequent jury trial waiver was invalid because the defendant clearly understood no benefit was being offered in exchange for his waiver. This result has much to commend it.

Of course, once we determine the jury trial waiver was not valid under the totality of circumstances, then the question becomes the effect of the absence of a valid waiver. I agree the trial court was not authorized to proceed in the absence of a valid waiver, and hence we must reverse.

Furthermore, instead of simply noting that the undefined benefit here could not possibly result in a knowing or intelligent waiver, the majority broadly endorses the principle that no leniency may ever be accorded a defendant because of a jury trial waiver. (Maj. opn., *ante*, at pp. 306-307 ["state is prohibited by the federal Constitution from . . . rewarding a defendant for forbearing from the exercise of" a constitutional right]; *id.* at p. 307 [citing *People v. Colds* (1981) 125 Cal.App.3d 860 [178 Cal.Rptr. 430], with approval for the proposition that "trial court's imposition of mitigated sentence, based solely upon circumstance that the defendant had waived his right to jury trial, was unauthorized and illegal"]; maj. opn., *ante*, at p. 307

["The impropriety of a trial court's explicit promise of more lenient treatment in sentencing if the defendant waives trial by jury is comparable to the impropriety of harsher treatment imposed because of the defendant's having invoked his or her right to trial by jury"].) While the majority relies on *United States v. Jackson* (1968) 390 U.S. 570 [88 S.Ct. 1209, 20 L.Ed.2d 138] (maj. opn., *ante*, at p. 306), the high court has more recently stated, "The cases in this Court since *Jackson* have clearly established that not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid." (*Corbitt v. New Jersey* (1978) 439 U.S. 212, 218 [99 S.Ct. 492, 497, 58 L.Ed.2d 466], fn. omitted.)

Rather, it seems sufficient to conclude here that the trial court's offer of some unspecified benefit would necessarily render the waiver not knowing or intelligent. This court's statements in *In re Lewallen* (1979) 23 Cal.3d 274, 278-279 [152 Cal.Rptr. 528, 590 P.2d 383, 100 A.L.R.3d 823], recounted by the majority regarding rewarding a defendant for forbearing from the exercise of a constitutional right, are dicta. (Maj. opn., *ante*, at pp. 306-307.) That is because in *Lewallen*, we concluded the trial court *punished* the defendant for exercising his right to trial and refusing to accept a plea negotiation. (*Lewallen*, at pp. 276-277, 280.)

Conceivably, there may be situations in which we would not find that the benefit noted rendered the waiver invalid. For example, if a defendant asked the court what benefit there would be in a court trial over a jury trial, and the court stated, "Well, court trials tend to proceed more quickly than jury trials," it is unlikely we would conclude the trial court's statement rendered the subsequent jury trial waiver not knowing, intelligent, or voluntary, particularly if the defendant rejoined that he in fact wanted the trial over as quickly as possible. In addition, here defense counsel suggested at sentencing that defendant's waiver had benefited the minor victim by reducing her "exposure to presentation of traumatic events." It would seem the trial court could properly consider such a circumstance in reducing defendant's sentence. However, had defendant mentioned this to the court as a reason for his jury trial waiver prior to entering that waiver, and the trial court noted it would consider such a gesture at any sentencing hearing, would that render the waiver invalid? Not knowing the answer to these questions, it seems best to avoid foreclosing our options in future cases.