Filed 6/9/15  P. v. Islas CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO A. ISLAS,<br><br>    Defendant and Appellant. | H041485<br>(Monterey County<br>Super. Ct. No. SS140883A) |

Defendant Ricardo A. Islas seeks review of a judgment entered after a court trial on the charge of driving under the influence and related allegations.  He contends that his waiver of the constitutional right to a jury trial was defective because it was induced by the promise of a more lenient sentence.  We agree that error occurred, compelling reversal.

### Background

Defendant was charged by complaint[1] with (1) driving under the influence of a drug, with three prior convictions for the same offense within 10 years (Veh. Code, § 23152, subd. (a)) and driving with a suspended license (Veh. Code, § 14601.2, subd. (a), a misdemeanor).  The complaint further alleged that appellant had refused to take a chemical test (Veh. Code, § 23577, subd. (a)), had suffered two prior serious

---

[1] The parties stipulated that the complaint would be deemed the information.

felony "strike" convictions (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), and had served a prior prison term (Pen. Code, § 667.5, subd. (b)).

At a pretrial hearing on July 17, 2014, the court began by saying, "I understand we are going to maintain the trial but that it will be a court trial instead of a jury trial." Defense counsel replied, "That's correct, your Honor. We based that on our discussions that the maximum, if there was [*sic*] a conviction, the maximum would be a four-year prison term." The court then added, "Okay. And otherwise you'd be looking at a seven-year prison term. You understand that, Mr. Islas?" Defendant answered, "Yes." The court then took his jury waiver, and the matter was set for trial.

At the conclusion of the July 23, 2014 court trial, defendant was found guilty of count 1, the charge of driving under the influence (DUI) with three prior DUI convictions. The court further found true all of the prior conviction allegations. The prosecutor elected not to pursue the misdemeanor count, and that charge was dismissed. The trial court subsequently denied defendant's *Romero* motion[2] and sentenced defendant to a four-year prison term (two years for count 1, doubled based on the two strike convictions). Defendant then filed this timely appeal.

*Discussion*

The only issue presented on appeal is whether the court improperly accepted defendant's jury trial waiver because it was based on a promise of a four-year maximum prison term rather than the seven years the court told defendant it could impose. "The constitutional right to trial by jury in criminal prosecutions is fundamental to our system of justice (U.S. Const., 6th Amend.; Cal. Const., art. I, § 16.)" (*In re Lewallen* (1979) 23 Cal.3d 274, 278.) It is permissible to waive this fundamental constitutional right if it is knowing and intelligent, and if it is voluntary—that is, free of coercion.

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

(*People v. Collins* (2001) 26 Cal.4th 297, 305 (*Collins*); *People v. Dixon* (2007) 153 Cal. App.4th 985, 990.)  However, "the state may not punish a defendant for the exercise of a constitutional right, or promise leniency to a defendant for refraining from the exercise of that right.  [Citations.]  Coercion in either form has been rejected, whether its source is executive, legislative, or judicial in nature." (*Collins*, *supra*, at p. 306.)

Defendant contends, and the People agree, that his waiver was not knowing, intelligent, and voluntary because it was induced by the promise of a more lenient sentence.  The People's concession is appropriate.  "In effect, the trial court offered to reward defendant for refraining from the exercise of a constitutional right." (*Collins*, *supra*, 26 Cal.4th at p. 309.)  Under both the federal and state constitutions, the error is structural in nature and therefore requires reversal.  (*Id*. at p. 311.)

*Disposition*

The judgment is reversed.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.



_____

PREMO, J.




*The People v. Islas*

H041485