Filed 3/25/22  P. v. Cheso CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094124 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF20-00460) |
| v. | |
| JOHN JEREMY CHESO, | |
| Defendant and Appellant. | |

Defendant John Jeremy Cheso appeals from a conviction for attempted second degree robbery following a court trial.  Defendant contends, and the People agree, that he did not knowingly, intelligently, and voluntarily waive his right to a jury trial because the trial court did not adequately advise him of his rights under the Sixth and Fourteenth Amendments.  We will reverse the judgment.

BACKGROUND

As the facts of defendant's attempted second degree robbery conviction do not bear on our decision, they are only briefly recounted here.  In summary, defendant and

1

D.M. got into an argument outside of a casino in which defendant demanded $300 to pay off a debt D.M. owed to defendant. D.M. responded that he did not have money to pay the debt, prompting defendant to reach for D.M.'s cellular telephone. D.M. turned and ran back toward the casino and defendant pursued him until defendant ultimately punched D.M. in the back of his head. Following a court trial on charges of attempted second degree robbery (Pen. Code, § 211), defendant was convicted and sentenced to 24 months in state prison.

In its colloquy regarding defendant's waiver of his right to a jury trial, the trial court stated, "[Defendant], my understanding is that you are prepared to waive your right to a jury, we would shorten time, and we would put the matter on for Court trial tomorrow afternoon; is that correct?" Defendant answered affirmatively. Turning to the People, the court then stated, "And [prosecutor], in exchange for that, you are agreeing that if there is a guilty finding, that he would be exposed to no more than the mid term on this count." The People agreed. Later on in the same hearing, the court asked both attorneys whether they joined in the waiver of a jury, and both agreed. The court did not otherwise advise defendant of what rights he was waiving, nor did it confirm defense counsel had done so.

## DISCUSSION

Defendant contends he did not make a knowing, intelligent, and voluntary waiver of his right to a jury trial because the court failed to apprise him of each of the rights he was forfeiting by consenting to a court trial. The People not only concede the issue, but further argue that the court never entered a valid waiver from defendant at all.

Criminal defendants have the constitutional right to a jury trial. (U.S. Const., 6th Amend.; Cal. Const. art. I, § 16; *People v. Sivongxxay* (2017) 3 Cal.5th 151, 166 (*Sivongxxay*).) "[T]he denial of a defendant's constitutional right to jury trial on a charged offense constitutes structural error that requires reversal without consideration of the strength of the evidence." (*People v. French* (2008) 43 Cal.4th 36, 52, fn. 8.) While

2

we do not presume validity, we will not disturb a jury trial waiver if the record shows a voluntary and intelligent waiver under the totality of the circumstances. (*People v. Daniels* (2017) 3 Cal.5th 961, 991 (lead opn. of Cuéllar, J.) (*Daniels*); see *People v. Collins* (2001) 26 Cal.4th 297, 310.) We conduct de novo review to determine whether the defendant's waiver was knowing, intelligent, and voluntary. (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1660.)

To determine whether a defendant made a valid waiver of their right to a jury trial, we review whether the waiver is (1) knowing and intelligent, that is, " ' " 'made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it,' " ' " and (2) voluntary, " ' " 'in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.' " ' " (*People v. Collins, supra*, 26 Cal.4th at p. 305, quoting *Colorado v. Spring* (1987) 479 U.S. 564, 573 [93 L.Ed.2d 954, 965.) Trial courts need not adhere to a rubric or say particular words to ensure that the waiver is knowing and intelligent. (*Sivongxxay, supra*, 3 Cal.5th at pp. 169-170; *Daniels, supra*, 3 Cal.5th at pp. 992-993 (lead opn. of Cuéllar, J.).) However, the record must provide sufficient engagement between the court and the defendant to show that a valid waiver took place after the court has adequately advised the defendant of his or her rights. (*Daniels*, at pp. 992-993.)

As the People argue, it is doubtful whether the trial court sufficiently secured a waiver when it asked whether defendant was "prepared to waive [his] right to a jury." But even assuming the trial court's language was sufficient to enter a waiver, it would not be valid because the record does not support a conclusion that the waiver was knowing or intelligent. The trial court did not ensure that defendant knew he was waiving specific rights, nor did the trial court confirm that defense counsel had discussed the scope of the waiver with defendant. Neither did the trial court instruct defendant that a jury must be impartial, that a verdict must be unanimous, or that the trial court must declare a mistrial if the jury fails to reach a verdict. (*People v. Jones* (2018) 26 Cal.App.5th 420, 435-437

3

[reversing conviction and jury trial waiver where record did not show sufficient discussion regarding unanimity, burdens of proof, or nature of a jury trial].)  The trial court also did not advise defendant that he could participate through counsel in jury selection, or that waiver of his right to a jury trial would mean that the judge alone would determine guilt or innocence and resulting punishment, if any.  (See *Sivongxxay, supra*, 3 Cal.5th at p. 169.)  In the absence of these advisements by the trial court, or some confirmation that defendant had otherwise been so advised, the totality of circumstances does not indicate that defendant was aware of what rights he actually was being asked to waive.  Accordingly, this record does not affirmatively demonstrate that defendant entered a knowing, intelligent, and voluntary waiver and we must reverse.

DISPOSITION

The judgment of conviction is reversed and the matter is remanded to the trial court.


                                             KRAUSE            , J.



We concur:



       BLEASE            , Acting P. J.



       RENNER            , J.



4