Filed 7/8/24 P. v. Ballard CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JACOB BALLARD,<br><br>　　　Defendant and Appellant. | B329225<br><br>(Los Angeles County<br>Super. Ct. No. BA491441) |

Appeal from a judgment of the Superior Court of Los Angeles County, James R. Dabney, Judge. Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

After Jacob Ballard waived his right to a jury trial, the trial court conducted a bench trial and convicted him of grand theft of an automobile and two other crimes. The trial court sentenced Ballard to two years of formal probation on the vehicular theft conviction and time served on the other two convictions. The trial court also issued a 10-year protective order requiring Ballard to stay away from and not have any contact with his former girlfriend, Consuelo P.

Ballard appeals, arguing his waiver of his right to a jury trial was not knowing, intelligent, or voluntary. Ballard contends the trial court's advisements of the rights he waived were defective because the court did not advise Ballard that he had the right to participate in the selection of the jury or that the members of the jury would be selected from a cross-section of the community.

We conclude that, under the totality of the circumstances, Ballard's waiver was knowing, intelligent, and voluntary. In addition, at Ballard's request, we have independently reviewed the sealed transcript and documents relevant to the hearing on the Ballard's motion under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 and conclude the trial court followed the appropriate procedure. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Ballard Steals His Girlfriend's Car, Gets in an Accident, and Resists Officers Trying To Question Him*

In November 2020 Consuelo picked up Ballard from his uncle's house, and they went together to breakfast. Consuelo was pregnant with Ballard's child, and she and Ballard were trying to improve their relationship after experiencing some difficulties. Ballard had outstanding warrants for his arrest, and Consuelo urged Ballard to turn himself in that day.

After breakfast, Ballard and Consuelo went to a park. They hugged, and Ballard got emotional. Ballard pushed Consuelo away, took her car keys, and removed her personal belongings from her car. Ballard drove away, leaving Consuelo at the park.

Later that day, Ballard was involved in an accident while driving Consuelo's car. Los Angeles Police Department officers responded to the scene. When approached by one of the police officers, Ballard refused to cooperate and walked toward the officer, visibly agitated. The officer feared for his safety and sprayed Ballard with pepper spray until he fell to the ground. During booking, Ballard attempted to kick another police officer and was tased.

The People charged Ballard with grand theft of an automobile (Pen. Code, § 487, subd. (d)(1)).[1] The People also charged Ballard with resisting, by the use of force or violence, an officer in the performance of his or her duty (§ 69) and battery against a person who is the parent of the defendant's child or a

_____

[1] Undesignated statutory references are to the Penal Code.

3

person with whom the defendant currently has, or has previously had, a dating or engagement relationship (§ 243, subd. (e)).

B.     *Ballard Waives His Right to a Jury trial*

At a pre-trial hearing the trial court stated it had learned "both sides wanted to waive jury and have a court trial in this matter rather than have a jury trial."  Counsel for Ballard confirmed that he had spoken to Ballard and that he wanted to waive his right to a jury trial and proceed with a court trial.

The trial court advised Ballard as follows:  "You do have a right to have a jury trial in this matter.  Obviously, if you have a jury trial, all 12 jurors would have to agree in order to convict you or acquit you of this offense.  In a court trial, it would just be me.  However, the burden of proof remains beyond a reasonable doubt.  If I have a reasonable doubt, I will acquit you.  If I don't have a reasonable doubt, I will convict you.  There are a number of charges that have been filed here.  They apply to a number of those charges.  Do you understand all that?"  Ballard said he understood.  The court asked Ballard:  "Do you understand your right to have a jury trial on these charges?"  Ballard stated:  "Yes, sir."  The trial court asked, "Do you give up that right with the understanding that I will conduct a court trial and I will decide . . . on these charges?"  Ballard again said he understood.

C.     *The Trial Court Convicts Ballard and Sentences Him*

After a court trial, the court convicted Ballard on all counts.  The trial court sentenced Ballard to two years of probation without supervision and ordered him to pay various fines and fees.  The court also issued a 10-year protective order protecting

Consuelo.  On the two misdemeanor convictions, the court sentenced Ballard to time served.  Ballard timely appealed

## DISCUSSION

A.   *Ballard's Jury Trial Waiver Was Knowing, Intelligent, and Voluntary*

A defendant may waive his or her right to a jury trial by making a personal and express waiver in open court.  (Cal. Const., art. I, § 16; *People v. Hovarter* (2008) 44 Cal.4th 983, 1026; *People v. Collins* (2001) 26 Cal.4th 297, 308.)  The defendant's waiver must be knowing, intelligent, and voluntary.  (*People v. Morelos* (2022) 13 Cal.5th 722, 753 (*Morelos*); *Collins*, at p. 305.)  To be knowing and intelligent, the waiver must be made with full awareness of the rights the defendant is waiving and the resulting consequences of waiving those rights.  (*Morelos*, at p. 758; *Collins*, at p. 305.)  To be voluntary, the waiver must be "the product of a free and deliberate choice rather than intimidation, coercion, or deception."  (*People v. Daniels* (2017) 3 Cal.5th 961, 990 (conc. & dis. opn. of Cuéllar, J.), internal quotation marks omitted.)

In determining whether a waiver is knowing and intelligent, the court examines the totality of facts and circumstances.  (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 167 (*Sivongxxay*); see *id.* at p. 170 ["a court must consider the defendant's individual circumstances and exercise judgment in deciding how best to ensure that a particular defendant who purports to waive a jury trial does so knowingly and intelligently"].)  In determining whether a waiver is knowing and voluntary, the court must find the defendant "was advised of and

5

elected to refrain from exercising the fundamental rights in question." (*People v. Collins, supra,* 26 Cal.4th at p. 308.)

The Supreme Court has not prescribed a specific list of advisements a court must give for a waiver of the jury trial right to be valid. (*Morelos, supra,* 13 Cal.5th at p. 753; *People v. Weaver* (2012) 53 Cal.4th 1056, 1074; see *Sivongxxay, supra,* 3 Cal.5th at pp. 166, 169 ["we emphasize that our guidance is not intended to limit trial courts to a narrow or rigid colloquy"]; see also *People v. Daniels, supra,* 3 Cal.5th at pp. 992-993 (conc. & dis. opn. of Cuéllar, J.) ["We continue to eschew any rigid rubric for trial courts to follow in order to decide whether to accept a defendant's relinquishment of this right."].) The Supreme Court, however, has identified four advisements trial courts should give to ensure a defendant's jury trial waiver is valid. They are that "(1) a jury is made up of 12 members of the community; (2) a defendant through his or her counsel may participate in jury selection; (3) all 12 jurors must unanimously agree in order to render a verdict; and (4) if a defendant waives the right to a jury trial, a judge alone will decide his or her guilt or innocence." (*Sivongxxay,* at p. 169.)

The Supreme Court has also recommended trial courts take additional steps to ensure the defendant understands, and is knowingly and voluntarily waiving, his or her jury trial rights. (*Sivongxxay, supra,* 3 Cal.5th at p. 169.) For example, trial courts can ensure "the defendant comprehends what the jury trial right entails" by "asking whether the defendant had an adequate opportunity to discuss the decision with his or her attorney, by asking whether counsel explained to the defendant the fundamental differences between a jury trial and a bench trial, or by asking the defendant directly if he or she understands

6

or has any questions about the right being waived." (*Id.* at pp. 169-170.) The Supreme Court has emphasized, however, that the absence of one or more advisements or inquiries is not dispositive and will not necessarily mean a waiver is invalid. (*Sivongxxay*, at p. 170.) Instead, the Supreme Court stated that its guidance was advisory and that courts must consider the totality of the circumstances "in determining whether a jury trial waiver was knowing intelligent, and voluntary." (*Ibid.*) Significantly, "a trial court's adaptation of or departure from the recommended colloquy in an individual case will not necessarily render an ensuing jury waiver invalid." (*Ibid.*) For example, courts may consider a defendant's prior experience with the criminal justice system as part of the totality of circumstances. (*Id.* at p. 167.)

Ballard argues his wavier was invalid because, although the trial court gave two of the four advisements the Supreme Court has recommended (i.e., that Ballard had the right to a unanimous jury verdict and that, without a jury, the judge would decide whether he was guilty or not guilty of the charges against him), the court did not give the other two recommended advisements (that he had the right to a jury of citizens drawn from a cross-section of the community and that he had the right to participate in selecting the jury). (See *Sivongxxay*, *supra*, 3 Cal.5th at p. 169.) Ballard also argues the trial court failed to confirm Ballard "had discussed with his defense attorney his jury trial rights and what [those rights] encompassed."

The trial court's advisements, however, were sufficient under the circumstances to ensure Ballard's waiver was knowing, intelligent, and voluntary. Although the trial court did not give all the recommended advisements suggested by the Supreme

Court in *Sivongxxay*, *supra*, 3 Cal.5th 151, the court did tell Ballard he would be giving up certain rights by waiving his right to a jury trial, including the right to a 12-member jury and the right to a unanimous jury verdict. The court also advised Ballard that, if he waived his right to a jury trial, the court would decide his guilt or innocence. Ballard "was substantively advised about the core nature of a jury trial and the consequences of waiving such a trial" (*Morelos*, *supra*, 13 Cal.5th at pp. 754-755; see *Sivongxxay* at p. 168 ["under the totality of circumstances standard, the presence or absence of a reference in a colloquy to [a] particular attribute of a jury trial . . . is not necessarily determinative of whether a waiver meets constitutional standards"]), and Ballard twice confirmed he understood the court's advisements and wanted to waive his right to a jury trial. In addition, trial counsel for Ballard stated that he had discussed the waiver of the right to a jury trial with Ballard and that Ballard wanted to proceed with a court trial (see *Sivongxxay*, at p. 169), and nothing in the record suggests Ballard's attorney pressured him to waive his jury trial rights.

Finally, Ballard had several prior convictions. (See *Morelos*, *supra*, 13 Cal.5th at p. 730.) Such experience and familiarity with the criminal justice system is a factor in evaluating whether, under the totality of the circumstances, a defendant's waiver of his or her right to a jury trial waiver is knowing, intelligent and voluntary. (See *Sivongxxay*, *supra*, 3 Cal.5th at p. 167 ["defendant had prior experience with the criminal justice system, having pleaded guilty to two prior offenses"].) Based on the totality of the circumstances, Ballard's waiver of his right to a jury trial was knowing, intelligent and voluntary.

*Morelos*, *supra*, 13 Cal.5th 722, a capital case, is instructive. In that case the trial court gave the defendant only one of the four *Sivongxxay* recommended advisements:[2] "[Y]ou understand that you have an absolute constitutional right to a jury. In other words, 12 individuals to make a factual determination both as to your guilt and in the event that the jury would find you guilty and determine one or more special circumstance to be true, that you would have a constitutional right to a jury to determine the penalty for which the crimes would be punishable." (*Id.* at p. 751.) After the defendant confirmed he understood, and the court stated: "[I]t's my understanding based upon that understanding, you wish to freely and voluntarily waive those rights to those jury trials . . . is that correct?" (*Ibid.*) The defendant confirmed he wanted to waive his right to a jury trial. (*Ibid.*) The trial court found the defendant "freely, knowingly and intelligently" waived his right to a jury trial. (*Id.* at p. 752.) The court ultimately convicted the defendant of murder. (*Id.* at p. 728.)

The defendant appealed, arguing among other things the trial court's advisements were inadequate because, according to the defendant, "the judge's 'statement may have illuminated the size of a jury (12 individuals), but it did not elaborate on what a jury trial entails, how a jury is selected, that jury members must be impartial and their verdict unanimous, or that a judge alone would decide his fate.'" (*Morelos*, *supra*, 13 Cal.5th at p. 753.) Yet, though the advisements by the trial court in *Morelos* omitted

---

[2] And not all of the one recommended advisement at that. The court told the defendant he had the right to a jury of 12 individuals, but did not say they would be members of the community.

three[3] of the four recommended advisements the Supreme Court identified in *Sivongxxay*, *supra*, 3 Cal.5th 151, the Supreme Court in *Morelos* held that, based on the totality of the circumstances, the defendant's waiver was "voluntary, knowing, and intelligent." (*Morelos*, at p. 754.) In fact, the defendant in *Morelos* (unlike Ballard) was representing himself, and the Supreme Court still concluded his jury trial waiver was valid. (*Id.* at 756.) The trial court's advisements here were more thorough and robust than those the Supreme Court found sufficient in *Morelos*, and Ballard had the opportunity to, and did, consult with an attorney before waiving his right to a jury trial.

B.   *The Trial Court Complied with Its Obligations Under* Pitchess v. Superior Court

Before trial Ballard moved under Evidence Code sections 1043 and 1045 and *Pitchess v. Superior Court*, *supra*, 11 Cal.3d 531 to discover personnel records of various police officers involved in his arrest. The trial court granted his *Pitchess* motion and conducted an in camera proceeding to review the records, but ruled there was no discoverable information. At Ballard's request, which the People do not oppose, we have reviewed the sealed record of the in camera proceedings and conclude the trial court complied with the procedural requirements under *Pitchess* and did not abuse its discretion in ruling there was no discoverable information to disclose to Ballard. (See *People v. Rivera* (2019) 7 Cal.5th 306, 338; *People v. Anderson* (2018) 5 Cal.5th 372, 391; *People v. Townsel* (2016) 63 Cal.4th 25, 68.)

---

[3]   Or three and a half. (See fn. 2.)

10

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.

11