Filed 12/19/14  P. v. Angellano CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY ANGELLANO,<br><br>      Defendant and Appellant. | B252168<br><br>(Los Angeles County<br>Super. Ct. No. NA090612)<br><br>**ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING**<br><br>[No change in the judgment] |

THE COURT:

It is ordered that the opinion filed in the above-captioned matter on December 4, 2014, be modified as follows:

1.  On page 7, second paragraph, insert the following footnote at the end of the last sentence that begins with "The record supports the trial court's . . . ."

We also reject Angellano's claim that the trial court's decision to order discretionary sex offender registration "effectively penalized him for . . . exercising his statutory right to appeal . . . ." In this vein, Angellano tells us in his opening brief on appeal, without evidentiary support, that he "intended" to file an appeal at the time of the sentencing hearing.  Because of this, and because he thought at that time that he might win his appeal and have a new trial, he declined the trial court's exhortations to "come clean" with a statement of remorse.  Angellano tells us that he did not want to make a confession of remorse at sentencing because it could have been used against him in the event of a new trial.  Angellano concludes:  "Now, with the benefit of appellate counsel's independent evaluation and assessment of the case, [he] should be given the opportunity to present himself to the trial court for reconsideration of whether sex offender

registration is now appropriate in this case." We understand Angellano to be implicitly suggesting to our court that if we remand for resentencing, he might make a confession of remorse to the trial court in an effort to avoid discretionary sex registration. Again, all this is without benefit of evidentiary support.

We see no violation of Angellano's right to appeal. The cases cited by Angellano support the proposition that a state may not statutorily establish a system for appeals, but make it impossible or impractical for a defendant to use that system. The cases generally involve the problems faced by indigent defendants who cannot pay for appeal. (See, e.g., *North Carolina v. Pearce* (1969) 395 U.S. 711; *Blackledge v. Perry* (1974) 417 U.S. 21.) Angellano faced no such impediment to an appeal in his case, meaning there was no due process violation of his right to appeal. The alleged "fact" that Angellano may have had a good reason not to give a statement of remorse at the time of sentencing does not make the trial court's sex registration order a violation of Angellano's right to appeal. His right to appeal remained intact, even without a statement of remorse on his part. To the extent he had a chance to win his appeal, he still had that chance without a statement of remorse.

This modification effects no change in the judgment.

The petition for rehearing filed by Appellant on December 9, 2014, is denied.

_____

    BIGELOW, P. J.            RUBIN, J.            GRIMES, J.

Filed 12/4/14  P. v. Angellano CA2/8 (unmodified version)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY ANGELLANO,<br><br>    Defendant and Appellant. | B252168<br><br>(Los Angeles County<br>Super. Ct. No. NA090612) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James Pierce, Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted defendant and appellant Anthony Angellano of three counts of oral copulation of a person under 18 years of age (counts 1, 2 & 4; Pen. Code, § 288a, subd. (b)(1)), and three counts of sexual penetration by foreign object of a person under 18 years of age (counts 3, 7 & 8; Pen. Code, § 289, subd. (h)).[1] On appeal, Angellano contends the trial court failed to exercise its statutory discretion properly in ordering him to register as a sex offender pursuant to section 290.006. We affirm.

**FACTS**

Substantial evidence at trial (see, e.g., *People v. Kraft* (2000) 23 Cal.4th 978, 1053-1054), established that Angellano had a non-intercourse sexual relationship with Jane Doe between June and December 2006, while she was a 17-year old high school student and he was her coach on the school's dance team. After she graduated from college in 2011, Doe reported Angellano to police.

In 2012, the People filed an information charging Angellano with five counts of oral copulation of a person under 18 years of age (counts 1, 2, 4, 5 & 6), and five counts of sexual penetration by foreign object of a person under 18 years of age (counts 3, 7, 8, 9 & 10). The charges were tried to a jury in September 2012. The prosecution presented substantial evidence supporting the jury's verdicts noted above through the testimony of Jane Doe. Further, the prosecution called Nicole C., who testified that Angellano had a sexual relationship with her, including intercourse, during 2001, while she was a 17-year-old member of the school dance team and he a team instructor. Angellano testified in his own defense. He admitted he had an "inappropriate" sexual relationship with Nicole C., when she was a student at their school. He admitted he had a "dating" relationship with Jane Doe, but denied any oral copulation and denied any penetration; he stated they had only "kissed." On September 21, 2012, the jury returned guilty verdicts as noted above.

On November 8, 2012, the trial court sentenced Angellano to an aggregate term of two years in state prison as follows: a two-year midterm on count 1, plus concurrent two year terms on counts 2, 3, 4, 7 and 8. The court imposed a victim restitution fine of $240

---

[1] All further undesignated section references are to the Penal Code.

(§ 1202.4, subd. (b)), a parole revocation fine of $240 which was stayed (§ 1202.45), and a $40 court security fee (§ 1465.8, subd. (a)(1)). Further, and as relevant to the current appeal, the court ordered Angellano to register as a sex offender pursuant to section 290.006.

Angellano filed a timely notice of appeal.

## DISCUSSION

### I. Registration as a Sanction for Exercising the Right to Trial

Angellano contends the trial court's discretionary order directing him to register as a sex offender pursuant to section 290.006 must be reversed because it was imposed as a sanction for him exercising his constitutional right to trial by jury. We disagree.

### *The Governing Law*

Section 290 requires anyone convicted of certain specified sex offenses to register as a sex offender. Under section 290.006, a trial court has discretion to order a person to register as a sex offender when he or she is convicted of any unspecified offense, "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." When a trial court decides to exercise its discretion to order a person to register as a sex offender, the court "shall state on the record the reasons for its findings and the reasons for requiring registration." (§ 290.006.)

In *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*), the Supreme Court ruled that a trial court must satisfy a two-step process in exercising its discretion to order a person to register as a sex offender: "(1) it must find whether the [conviction] offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender." (*Hofsheier, supra*, 37 Cal.4th at p. 1197.) Further, the Court explained the purpose of the statement of reasons requirement: "By requiring a separate statement of reasons for requiring registration even if the trial court finds the offense was committed as a result of sexual compulsion or for purposes of

3

sexual gratification, the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (*Ibid.*)

Neither section 290.006 nor *Hofsheier* expressly list what "reasons" may or may not be permissibly considered by a trial court in exercising its discretion to order a person to register as a sex offender. However, as a broader, general principle, a trial court may not penalize a defendant for having elected to exercise his or her constitutional right to trial by jury because such a penalty itself violates the defendant's constitutional right to due process. (See generally *In re Lewallen* (1979) 23 Cal.3d 274, 277-278; and *People v. Collins* (2001) 26 Cal.4th 297, 306-307.) To obtain relief for a due process violation based on such claimed harsher treatment, a defendant must show that a trial court, in fact, imposed harsher treatment based on the defendant's decision to exercise his or her right to trial. (*In re Lewallen, supra*, 23 Cal.3d at pp. 277-278.) In other words, a defendant must show a causal connection between his election to go to trial and harsher treatment.

*The Setting*

At sentencing, the trial court made the following comments in connection with its decision to order Angellano to register as a sex offender:

"The victim's comments in her letter . . . were right on.[2] . . . Mr. Angellano, all I wanted from you is you to tell the world what happened here. Admit you have a problem, and let's go forward. We can bury the hatchet and go forward if you would admit to what's going on here. And you couldn't do it.

---

**2** Jane Doe's letter to the court is included in the record on appeal. The letter reads: "I'm not sure Mr. Angellano's attraction to me was rooted in my age as much as it was rooted in his own trauma. He experienced some horrible things as a young man that would make a grown man lose touch with reality. I don't think he ever recovered from his past, and in his mind, something broke. A fracture. A hole. A place where everything he couldn't handle fell away so he would never have to face it. He truly believes the lies he tells, and I think he needs some serious counseling. Knowing all this, I told [the prosecutor] that I would be ok with a plea bargain. If he would only admit to what he had done, only take that first step toward facing what had become of himself, then that would be enough for me."

4

"Now going through trial is different for everyone. . . . . Each human being is unique. And you saw that right in this trial. And you saw the tremendous difference between Nicole C. versus the victim in this case. It could have been night and day because they're different human beings. But what's important here is the intent of the defendant. Your intent as to both of those girls was the same. To victimize them, to take control, which you were in a perfect position to do, and to manipulate and control the situation.

"[¶] . . . [¶]

"And I would say to the victim and her family that . . . victimization is not only the intent of Mr. Angellano, but it's also [in] the reaction. And I would give the victim today control back in her life, and the family, you take control and don't allow this to victimize you. There's no shame here for the victim. There's no guilt here for the victim. She was a victim. But not . . . anymore. She's liberated herself by coming into the courtroom and telling the truth.

"And it's something that Mr. Angellano would have found too if you had done the same. But you don't have that now, Mr. Angellano, because you didn't tell the truth. You got up here, and you perpetuated the victimization, and that's wrong. And I'm here today to say that. . . .

"So, Mr. Angellano, you're perpetuating the fraud on this side of the courtroom. You're not standing up and saying what the problem is here. And I don't appreciate that. You minimize. And it's not appropriate. Now is the time to step forward and be a man. Yes. There were problems. You were a victim at one point. You had a rough life, Mr. Angellano. I'm sorry. I'm truly sorry that you had that.

"But just as the child abuser who says I was abused as a child and then turns around and abuses another child because of it, that does not in any way excuse or justify. In fact, you would think that person would be less likely to do it because you know the harmful effects of finding something traumatic. So here you go out and prey upon young, beautiful woman at the most vulnerable times of their lives and from a power position of a teacher you preyed upon them.

5

"It's a violation of that trust position, Mr. Angellano, that is the gravamen, the entire crime here. You were in a position of control, position of power, and you abused it. . . .

". . . . And then you come into a courtroom and you perpetuate the fraud by lying through your teeth. Oh, it happened with Nicole, but it didn't happen with [Jane Doe]. That's what you told this jury. And guess what? The jury says you're a liar, Mr. Angellano. Shame on you.

"Now you come forward and ask for mercy. So, well, judge, please keep in mind. Just bad judgment. Give me a break. Mr. Angellano, give me a break. You haven't come clean yet. When are you going to come clean to your family. You know what? Most criminal defendants do not have one person in the courtroom for them. You must have 20 to 30 today. You know what that says to me? Shame on you. You're still lying to these people out here behind you. Your friends, your support, and everything else. You can't even come clean today. Why not, Mr. Angellano? Liberate yourself. Stop the charade. Tell me this is never going to happen again. I'm not going to believe you until you come clean.

"And that's the problem I have, Mr. Angellano. The registration is going to be required in this case because you cannot tell me the truth. You cannot tell yourself the truth. You can't tell your family the truth. The court is using its discretion. You know, if you had stood up here today and laid it all out, I wouldn't have required that. You can't do it, and I don't know why. These girls did it. Congratulations to them. You forced them to do it. And that's shame on you.

"This case could have been resolved short of trial. It should have been resolved. To ask 12 people from the community to come in and resolve this under these circumstances that I heard in this case was inappropriate. This is open and shut on those cases [*sic*] that they came back. I think they did send a message . . . . I don't think this is the world's worst child molestation case. . . . And Mr. Angellano still has not come clean, and I'm concerned about it. And that's why the registration is going to be required now."

6

*Analysis*

Angellano argues the trial court's comments show that it would not have ordered him to register as a sex offender, "but for [his] decision to exercise his constitutional rights to trial by jury, to present evidence in his own behalf, [and] to be represented by counsel . . . ." We agree with Angellano that there is certain language in the trial court's comments which could support Angellano's claim, but find this is true only when such language is examined in isolation. It cannot be denied that the trial court made comments about Angellano going to trial. However, when examined in their totality, each part in its context, the trial court's comments show, in our view, that the court ordered Angellano to register as a sex offender because he refused to recognize and acknowledge that he has a deviant sexual predilection toward vulnerable, minor girls over whom he had the power of a teacher and coach. Further, he not only refused to recognize his predilection, but, in fact, lied about his conduct when he testified under oath.

The trial court's comments, when viewed in their entirety and context, show that the court decided to order Angellano to register as a sex offender because the court found that he posed the very type of danger against which the registration system is intended to protect. (See generally *Wright v. Superior Court* (1997) 15 Cal.4th 521, 527 [the premise underlying the sex offender registration system is that sex offenders pose a continuing threat to society].) In short, we read the trial court's comments to show that it found Angellano is an unrepentant predator who is likely to act again in the same manner as he did with Jane Doe. The record supports the trial court's determination to order sex registration for such a reason.

## II.     Required Factual Finding for Discretionary Sex Offender Registration

Angellano contends the trial court's registration order must be reversed because the court did not expressly state on the record that he committed his offenses "as a result of sexual compulsion or for purposes of sexual gratification." (See *Hofsheier, supra*, 37 Cal.4th at p. 1189.) We disagree.

Angellano is correct that the trial court did not use the express words "as a result of sexual compulsion or for purposes of sexual gratification" in ordering him to register

7

as a sex offender based upon his six sex crime convictions. But we do not read *Hofsheier* to require the use any talismanic words in ordering discretionary sex registration. What *Hofsheier* requires is that a court makes certain findings, namely, that a defendant acted as a result of sexual compulsion or for sexual gratification in committing an offense, and to state its reasons for its findings and for its decision to order registration as a sex offender. Here, we are satisfied based on our overall examination of the trial court's statements that the court made a finding, albeit implicit, that Angellano acted for sexual gratification, and stated its reasons for its finding, and that the court also stated its reasons for ordering him to register as a sex offender.

We further note that the jury's guilty verdicts as to the three counts of sexual penetration (§ 289, subd. (h)) necessarily included the jury's finding that Angellano committed the acts of penetration acted "for the purpose of sexual abuse, arousal or gratification." (See CALCRIM No. 1102; and see also § 289, subd. (k)(1).) When a sex offense includes "sexual abuse, arousal, or gratification" as an element of the offense, even if the offense is not an offense for which mandatory sex registration applies, we see no reason that a trial court's *Hofsheier* statement may not be viewed in light of the jury's existing and express finding that the offense included a sexual element.

Assuming the trial court erred in failing to use particular express language from *Hofsheier*, we would find the error to be harmless even under the constitutional standard of *Chapman v. California* (1967) 386 U.S. 18, 24.) We are satisfied beyond all doubt that the trial court would have ordered sex registration in Angellano's case regardless of whether it had used express language from *Hofsheier* or not. As *Hofsheier* explains, the purpose of requiring a trial court to state reasons on the record for ordering a defendant to register as a sex offender is to give the court the opportunity for weighing the factors for and against ordering registration. That is, make such a decision after reasoned deliberation and not on an impulse or gut feeling. Here, the record plainly shows that the trial court's decision to order Angellano to register as a sex offender was a reasoned decision made after considering a number of reasons.

8

**DISPOSITION**

The judgment is affirmed.

                              BIGELOW, P.J.

We concur:


        RUBIN, J.


        GRIMES, J.