Filed 10/4/24  P. v. Alejandro CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C099044 |
| v. | (Super. Ct. No. 22CR2226) |
| YAHIDA LEESETTE ALEJANDRO, | |
| Defendant and Appellant. | |

After defendant Yahida Leesette Alejandro purported to waive her right to a jury trial, the trial court found her guilty of robbery, attempted robbery, attempted carjacking, and battery by gassing a peace officer.  On appeal, defendant contends we should reverse the judgment because the record does not affirmatively show that she validly waived her right to a jury trial.  The People agree, and we do too.  We will reverse the judgment and remand for further proceedings.

BACKGROUND

The People charged defendant with two counts of robbery, two counts of attempted carjacking, and one count of battery by gassing a peace officer.  The People

1

also alleged aggravating circumstances.  At a scheduling hearing, defendant purported to waive her right to a jury trial in the following exchange:

"[PROSECUTOR]:  And I would just ask the Court to take a personal waiver of jury from the defendant at this time.

"THE COURT:  I will.

"[PROSECUTOR]:  Thank you.

"THE COURT:  Do you understand that you have the right to a jury trial?

"THE DEFENDANT:  Yes, but I do not want one.

"THE COURT:  You do not want a jury trial?

"THE DEFENDANT:  No.  I'd rather just have you judge me.

"THE COURT:  Okay.  So you waive your right to a jury trial?

"THE DEFENDANT:  I waive my rights.

"THE COURT:  [Defense counsel], do you join in that waiver?

"[DEFENSE COUNSEL]:  I do.

"THE COURT:  All right.  The Court will accept that. We'll waive jury."

At the ensuing court trial, the trial court found defendant not guilty of the robbery charged in count 1, but guilty of the lesser included offense of attempted robbery; guilty of the robbery charged in count 2; guilty of the attempted carjacking charged in count 3; not guilty of the attempted carjacking charged in count 4; and guilty of the battery charged in count 5.  The trial court found one alleged aggravating circumstance true but found the other not true.

The trial court sentenced defendant to the middle term of three years in prison on the count 2 robbery, a consecutive eight months on the count 1 attempted robbery, a consecutive 10 months on the count 3 attempted carjacking, and a consecutive one year on the count 5 battery, for an aggregate sentence of five years six months in prison.

DISCUSSION

Defendant contends we should reverse the judgment because the record does not affirmatively show she validly waived her right to a jury trial. The People agree.

"Under the federal Constitution and our state Constitution, a defendant in a criminal prosecution has a right to a jury trial." (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 166 (*Sivongxxay*); see U.S. Const., 6th Amend.; Cal. Const., art. I, § 16.) " '[A] defendant's waiver of the right to jury trial may not be accepted by the court unless it is knowing and intelligent, that is, " ' "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it," ' " as well as voluntary " ' "in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." ' " ' " (*Sivongxxay*, at p. 166.) " '[W]hether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case.' " (*Ibid.*) Under this "totality of the circumstances standard, the presence or absence of a reference in a colloquy to this particular attribute of a jury trial, or to the impartiality requirement, is not necessarily determinative of whether a waiver meets constitutional standards." (*Id.* at p. 168.) The record must affirmatively show the waiver was voluntary and intelligent. (*People v. Collins* (2001) 26 Cal.4th 297, 308-310 & fn. 3 (*Collins*).)

The California Supreme Court has offered "some general guidance to help ensure that a defendant's jury trial waiver is knowing and intelligent, and to facilitate the resolution of a challenge to a jury waiver on appeal," recommending "that trial courts advise a defendant of the basic mechanics of a jury trial in a waiver colloquy, including but not necessarily limited to the facts that (1) a jury is made up of 12 members of the community; (2) a defendant through his or her counsel may participate in jury selection; (3) all 12 jurors must unanimously agree in order to render a verdict; and (4) if a defendant waives the right to a jury trial, a judge alone will decide his or her guilt or innocence." (*Sivongxxay, supra*, 3 Cal.5th at p. 169.) The Supreme Court also

3

recommended "that the trial judge take additional steps as appropriate to ensure, on the record, that the defendant comprehends what the jury trial right entails," for example "by asking whether the defendant had an adequate opportunity to discuss the decision with his or her attorney, by asking whether counsel explained to the defendant the fundamental differences between a jury trial and a bench trial, or by asking the defendant directly if he or she understands or has any questions about the right being waived." (*Id.* at pp. 169-170.)

Here, as the parties note, the trial court did not probe defendant's understanding of the jury-trial right or employ any of the techniques recommended by the Supreme Court. The People also note "that appellant does not have any prior convictions . . . so the record reveals nothing about any prior advisements before entry of prior pleas." (Fn. omitted.) Nor does the record contain any writing documenting the rights defendant purported to waive or her understanding of those rights. The only evidence is the brief exchange between the trial court, defendant, and defense counsel, and we agree that is insufficient to establish defendant's " ' " ' "full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." ' " ' " (*Sivongxxay, supra*, 3 Cal.5th at p. 166.)

The acceptance of an invalid waiver of a defendant's right to a jury trial is "a 'structural defect in the proceedings' requiring that the judgment of conviction be set aside without the necessity of a determination of prejudice." (*Collins, supra*, 26 Cal.4th at p. 312.) Accordingly, we must reverse the judgment.

We agree with the parties that the People may retry defendant for the offenses for which the trial court found her guilty. (See *People v. Story* (2009) 45 Cal.4th 1282, 1296-1297 [retrial permitted where evidence would have been sufficient to sustain a guilty verdict].) But we agree with defendant that the People may not retry defendant for robbery as charged in count 1, or attempted carjacking as charged in count 4, because the trial court found defendant guilty of only attempted robbery on count 1, and it acquitted

4

defendant on count 4. The People may try count 1 as attempted robbery. (See *People v. Anderson* (2009) 47 Cal.4th 92, 103-105 [acquittal is a bar to another prosecution for the offense charged, but not to the prosecution of the lesser included offense of which defendant was convicted].) Because we will reverse the judgment, we do not address defendant's contention that the trial court failed to comply with Penal Code section 654 at sentencing.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.


　　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　　MAURO, Acting P. J.



We concur:



　　　/S/
KRAUSE, J.



　　　/S/
MESIWALA, J.